**Raymond L. LINDSEY,**
**Plaintiff-Appellant,**

v.

**U.S. BUREAU OF PRISONS, UNITED STATES DEPARTMENT OF JUSTICE, Norman Carlson, Dir. Federal Bureau of Prisons, Defendants-Appellees.**

No. 83–7087.

United States Court of Appeals,
Eleventh Circuit.

July 19, 1984.

N.P. Callahan, Jr., Birmingham, Ala., for plaintiff-appellant.

Frank W. Donaldson, U.S. Atty., Holly L. Wiseman, Mary P. Thornton, Asst. U.S. Attys., Birmingham, Ala., for defendants-appellees.

Before KRAVITCH, JOHNSON and HATCHETT, Circuit Judges.

KRAVITCH, Circuit Judge:

Alleging that the imposition of his sentence was based upon an inaccurate presentence investigative report, plaintiff-appellant Raymond Lindsey, an inmate at the Federal Correctional Institution in Talladega, Alabama, sought disclosure of the report under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, from the United States Bureau of Prisons and the United States Parole Commission. After the Parole Commission informed him that the report was not in its possession, Lindsey decided to press his claim solely against the Bureau of Prisons and instituted this suit in federal district court. Before either party had conducted discovery, Lindsey moved for summary judgment on the ground that the presentence report was an "agency record" within the meaning of FOIA and therefore was subject to mandatory disclosure. Although the Bureau of Prisons made no cross-motion, the magistrate recommended that summary judgment be granted in its favor, concluding that the presentence report was the property of the district court from which it originated, and any disclosure order therefore must be issued by that court. After considering Lindsey's objections to the recommendation, the district court granted summary judgment for the Bureau of Prisons.

We are presented with two issues on appeal: (1) whether the district court properly entered summary judgment for a non-moving party and (2) whether presentence reports are agency records within the meaning of FOIA.

I. *Summary Judgment for Non-Moving Party*

■ The weight of authority is that summary judgment may be rendered in favor of the party opposing the motion even though he has made no formal cross-motion. Nevertheless, before summary judgment can be entered for the non-moving party the court must give the original movant an opportunity to demonstrate that his opponent is not entitled to judgment as a matter of law. *Fountain v. Filson*, 336 U.S. 681, 69 S.Ct. 754, 756, 93 L.Ed. 971 (1949); *Sharlitt v. Gorinstein*, 535 F.2d 282, 283 (5th Cir.1976) (per curiam); Wright, Miller & Kane, Federal Practice & Procedure § 2720 (1983). Because Fed.R. Civ.P. 56 requires that the party threatened by summary judgment be given notice and opportunity to respond, courts must exercise great care to apprise the moving party that the court sua sponte is considering entering judgment against him. *See Sharlitt*, 535 F.2d at 283.

■ Neither Rule 56 nor the case law, however, requires the court to give the original movant formal notice that it is contemplating summary judgment against him. Although the magistrate did not notify Lindsey before he recommended summary judgment in favor of the Bureau of Prisons, Lindsey was given ten days to file objections to the recommendation before the district court entered final judgment. Through the objections he filed, Lindsey had ample opportunity to show why judgment should not be entered for the Bureau as a matter of law. Under the circumstances, the magistrate's recommendation was sufficient notice that the district court would consider entering summary judgment for the non-moving party. Rule 56

requires no more. Appellant's assertion that he was surprised by the court's order or that he had insufficient opportunity to show the existence of a genuine issue of fact is without merit.

## II. *Presentence Report*

FOIA requires executive branch agencies to make "agency records" available to individuals seeking disclosure. 5 U.S.C. § 552(a)(3), (a)(4)(B). Unfortunately, FOIA and its accompanying legislative history contain no definition of "agency record." *See McGehee v. Central Intelligence Agency*, 697 F.2d 1095, 1106 (D.C.Cir.), *vac'd in part on other grounds*, 711 F.2d 1076 (D.C.Cir.1983) (per curiam). The definition of "agency," however, expressly exempts the courts of the United States from the disclosure requirements. 5 U.S.C. § 551(1)(B).

■ The presentence report is created by the probation service of the United States Courts to assist the sentencing judge in imposing an appropriate punishment. The report typically includes information identifying the defendant; the offense; the defendant's prior criminal record; his family, religion, education, employment and finances; his interests and activities; his physical and mental health; his personality and attitudes; and sometimes the "official version" and the defendant's view of the circumstances leading to his conviction. Administrative Office of the United States Courts, Division of Probation, *The Presentence Investigation Report* 30–31 (1965). It cannot be disputed that when the report is in the physical possession of the courts, it is not an agency record and therefore is beyond the reach of FOIA.

The difficulty in this case arises from the hybrid nature of the presentence report. If the defendant is incarcerated, the district court usually transmits the report to the correctional institution to provide background information for the Bureau of Prisons' classification summary. The summary may determine the defendant's classification within the facility, his prospect for obtaining furloughs and the appropriate treatment program. *See* Fennell & Hall, *Due Process at Sentencing: An Emperical and Legal Analysis of the Disclosure of Presentence Reports in Federal Courts*, 93 Harv.L.Rev. 1615, 1679 (1980) (citing Federal Prison System, Policy Statement No. 7200.17, The Case Management System & Classification Study (1975)). When the inmate later becomes eligible for parole, the Parole Commission will consider the report in making its parole determination. 18 U.S.C. § 4207(3). If and when the district court transmits the presentence report to either the Bureau of Prisons or the Parole Commission, the report is jointly possessed by an FOIA-exempt entity and an FOIA-controlled agency.[1] *See Crooker v. United States Parole Commission*, 730 F.2d 1 (1st Cir.1984).

■ We must decide whether Congress intended that a presentence report be considered an agency record under FOIA after it has been sent from the district court to the Bureau of Prisons. Some courts have held that documents prepared by or for a court remain exempt under FOIA even when they move into possession of an FOIA agency. *See United States v. Charmer Industries, Inc.*, 711 F.2d 1164, 1170 & n. 6 (2nd Cir.1983) (presentence report in possession of Bureau of Prisons or Parole Commission); *Cook v. Willingham*, 400 F.2d 885, 886 (10th Cir.1968) (per curiam) (presentence report in possession of Parole Commission); *Smith v. Flaherty*, 465 F.Supp. 815, 819 (M.D.Pa.1978) (presentence report in possession of Bureau of Prisons). *Cf. Warth v. Department of Justice*, 595 F.2d 521, 523 (9th Cir.1979) (court transcript in possession of Department of Justice). Other courts, however, have retreated from the rule of absolute

---

1. Despite the joint possession and use of the presentence report by the courts and administrative agencies, the principal function of the report is to assist the court in determining the appropriate sentence. *See United States v. Charmer Industries, Inc.*, 711 F.2d 1164, 1170 (2d Cir.1983); Administrative Office of the United States Courts, *The Presentence Investigation Report* 1 (1978).

exemption and have examined the relative degree of control exercised by the agency and the exempt body over the contested documents. Although no uniform control test has developed for determining whether a document is an agency record, some relevant considerations include the intent of the document's creator to retain or relinquish control over the record, *see Goland v. Central Intelligence Agency*, 607 F.2d 339, 348 (D.C.Cir.1978), *cert. denied*, 445 U.S. 927, 100 S.Ct. 1312, 63 L.Ed.2d 759, (1980); the ability of the agency to use and dispose of the record as it sees fit, *see Kissinger v. Reporter's Committee for Freedom of the Press*, 445 U.S. 136, 100 S.Ct. 960, 972, 63 L.Ed.2d 267 (1980); the extent to which agency personnel have read or relied upon the document, *see Wolfe v. Department of Health and Human Services*, 711 F.2d 1077, 1081 (D.C. Cir.1983); and the degree to which the document was integrated into the agency's record system or files, *see id.*

The District of Columbia Court of Appeals was the first appellate court to hold that a presentence report became an agency record after its release by a district court. In *Carson v. Department of Justice*, 631 F.2d 1008 (D.C.Cir.1980), the court concluded that the presentence report passed from the control of the court and became an agency record subject to the free disposition of the Parole Commission after it was transmitted to the agency from the district court. Most important in the court's analysis was that Congress had recently given the Parole Commission important responsibilities with respect to presentence reports. The Parole Commission and Reorganization Act ("Parole Act"), 18 U.S.C. § 4201 *et seq.*, requires the Commission to use presentence reports in making parole determinations, *see* 18 U.S.C. § 4207(3), and directs courts to transmit the reports to the Commission for these purposes, *see* 18 U.S.C. § 4205(e). The statute also requires that the Commission

grant requesting prisoners access to the presentence reports in most cases. *See* 18 U.S.C. § 4208(b). Because Congress made presentence reports an important function in the Commission's decisionmaking process, the court concluded that the agency exercised sufficient control over the documents to render them agency records under FOIA.

*Carson* was recently reaffirmed in *Lykins v. Department of Justice*, 725 F.2d 1455 (D.C.Cir.1984),[2] but was expressly rejected by the First Circuit in *Crooker v. United States Parole Commission*, 730 F.2d 1 (1st Cir.1984), where the court held that, despite the enactment of the Parole Act, the Parole Commission's dominion over the presentence report did not outweigh the district court's traditional and statutorily authorized discretion to control its distribution. We need not join the debate over the agency record status of a presentence report in the hands of the Parole Commission, however, because the Commission is not yet in possession of Lindsey's report. No congressional act has increased the Bureau of Prisons' control over presentence reports vis-a-vis the courts. Congress has not required the courts to transmit presentence reports to the Bureau upon the agency's request; nor has it required the Bureau to consider reports in deciding the appropriate treatment of inmates or to grant requesting prisoners access to the reports. The provisions of the Parole Act that compelled the decision in *Carson* do not apply here.

■ In contrast to the absence of congressional intent to vest any control over presentence reports in the Bureau of Prisons, the courts' power over and use of the reports is substantial. One indication of the extent of an entity's control over a record is the originating body's role in creating the document. *See Kissinger*, 100 S.Ct. at 969. Presentence reports are created by a probation officer acting as an

**2.** Since the drafting of this opinion, the Ninth Circuit has agreed with *Carson* and has held that presentence reports in the possession of the Parole Commission or the Bureau of Prisons are

agency records subject to disclosure under FOIA. *See Berry v. Department of Justice*, 733 F.2d 1343 (9th Cir., 1984).

arm of the court for the purpose of guiding the discretion of the sentencing judge. *See Charmer*, 711 F.2d at 1170. Congress has given the courts exclusive authority to decide in which cases a presentence report is needed. If the district judge finds that the record contains sufficient information to enable him to exercise meaningful sentencing discretion, the court need not order the creation of a presentence report. Fed.R. Crim.P. 32(c)(1).[3] No report would then exist for the Bureau of Prisons to obtain. *See Crooker*, 730 F.2d at 6.

Another relevant consideration is the discretion of the initiating body to refuse to relinquish the document after its creation. *See Goland*, 607 F.2d at 348. Even if the court determines that a presentence report would be helpful, no statute directs the probation officer to transmit the report to the Bureau of Prisons after sentencing. Whereas the court must transmit the report to the Parole Commission under 18 U.S.C. § 4205(e), the transfer is made to the Bureau, if at all, at the sole discretion of the district court.

The district court's absolute discretion to withhold the presentence report is diluted to a limited extent by Fed.R.Crim.P. 32(c)(3), which directs the court to permit the defendant or his counsel to read portions of the document within a reasonable time before sentencing. The court may exclude from disclosure diagnostic opinions that might seriously disrupt a program of rehabilitation, information obtained from confidential sources, or any other information which might result in harm to the defendant or other persons, Fed.R.Crim.P. 32(c)(3)(A), but it must furnish the defend-

ant an oral or written summary "of the factual information contained therein to be relied on in determining sentencing ...." Fed.R.Crim.P. 32(c)(3)(B).[4] The court's continued control over the document nevertheless is underscored by its retained discretion under Rule 32(c) to withhold information that is not "factual" or is not relied on in determining the sentence. *See Crooker*, 730 F.2d at 6. When Congress permitted the sentencing court to withhold certain information from the defendant, it demonstrated a desire to balance the competing interests of preserving the confidentiality of sensitive matters and providing the defendant with partial disclosure to ensure the report's accuracy. *See United States v. Woody*, 567 F.2d 1353, 1360–61 (5th Cir.), *cert. denied*, 436 U.S. 908, 98 S.Ct. 2241, 56 L.Ed.2d 406 (1978). We decline to upset this compromise by exposing the presentence report to possible disclosure to the prisoner and third parties under FOIA.

We find additional significance in the statutorily granted discretion of the court to release the report into the permanent possession of the defendant after sentencing. *See* Fed.R.Crim.P. 32(c)(3)(E).[5] Congress also has provided a means for the prisoner to obtain the report once it is in possession of the Parole Commission. 18 U.S.C. § 4208(b). Congress enacted no parallel disclosure provision pertaining to the Bureau of Prisons. If the report is deemed an agency record, FOIA would allow the defendant to obtain the report after sentencing, thereby eliminating the court's discretion to require return of the document and to control the defendant's access to its contents. The court would be forced

---

**3.** Fed.R.Crim.P. 32(c)(1) provides in part:
 The probation service of the court shall make a presentence investigation and report to the court before the imposition of sentence or the granting of probation unless, with the permission of the court, the defendant waives a presentence investigation and report, or the court finds that there is in the record information sufficient to enable the meaningful exercise of sentencing discretion, and the court explains this finding on the record.

**4.** *Cf. Gardner v. Florida*, 430 U.S. 349, 97 S.Ct. 1197, 51 L.Ed.2d 393 (1977) (defendant denied

due process when death sentence imposed in part on basis of information in presentence report which he had no opportunity to deny or explain).

**5.** Fed.R.Crim.P. 32(c)(3)(E) provides:
 Any copies of the presentence investigation report made available to the defendant and his counsel and the attorney for the government shall be returned to the probation officer immediately following the imposition of sentence or the granting of probation, unless the court, in its discretion otherwise directs.

either to retain physical possession of the report until its release to the Parole Commission, or to relinquish all control over the document by releasing it to the Bureau of Prisons and exposing its contents to the risk of disclosure under FOIA. It is more consistent with the intent of Congress to allow the district court to loan the document to the Bureau of Prisons while retaining the ultimate authority to decide whether to release it to the permanent custody of the defendant. Through Rule 32(c) and the Parole Act, Congress has provided a limited means for the disclosure of presentence reports in the possession of the courts and the Parole Commission. We hesitate to create a new avenue of disclosure through the Bureau of Prisons and FOIA.

■ We recognize that the Bureau has physical possession of the report and frequently includes it in the prisoner's file, but mere possession of a document is not sufficient to render it an agency record. *Kissinger*, 100 S.Ct. at 972. Our conclusion not only implements congressional intent, but also facilitates the effective use of presentence reports in the district court. Holding that the reports are agency records would make copies available not only to the defendant but to any third party request as well. *See* 5 U.S.C. § 552(a)(3). The risk of public disclosure may lead both the subjects and sources of information in the report to fear adverse consequences and, as a result, withhold important information. The ability of the probation officer to develop a complete investigative report would be diminished, making the reports less useful to the courts. We therefore hold that a presentence report remains a court document subject to the control of the district court after its transmittal to the Bureau of Prisons. The district court's order of summary judgment in favor of the Bureau is AFFIRMED.