27 F.3d 518
 29 Fed.R.Serv.3d 872
 NATIONAL FIRE INS., National Fire Insurance Company,
Plaintiff-Counter-Defendant-Appellant,
v.
Napoleon A. BARTOLAZO, M.D., Defendant-Counter-Claimant-Appellee.
 Nos. 93-2448, 93-2879.
 United States Court of Appeals,
Eleventh Circuit.
 Aug. 1, 1994.
 
 Chris Ballentine, Orlando, FL. Jennifer A. Grandoff,
 Robert J. Levine, Miami, FL.
 Appeals from the United States District Court for the Middle District of Florida.
 Before TJOFLAT, Chief Judge, DUBINA, Circuit Judge, and RONEY, Senior Circuit Judge.
 RONEY, Senior Circuit Judge:
 
 
 1
 In this declaratory judgment action, the issue is whether the defendant, a physician charged by a patient with medical malpractice, reported the claim within the time frame required for coverage under his medical malpractice insurance policy. The insurance company appeals the district court's grant of summary judgment in favor of the physician. Because of a procedural flaw in the granting of summary judgment, Rule 56(c), Federal Rules of Civil Procedure, we reverse and remand.
 
 
 2
 For several years, appellant, National Fire Insurance Company ("National"), has issued to appellee, Dr. Napoleon Bartolazo ("Bartolazo"), successive annual policies insuring Bartolazo against liability from medical malpractice. These "claims-made" policies cover an insured at the time a claim is made, rather than when the alleged wrongful acts took place. The policies require Bartolazo to inform the insurance company of a claim in the year in which that claim is made, with some grace period for reporting claims after the policy is terminated. One issue on this appeal is whether the claim at issue was made in 1990, or in 1991, when Bartolazo reported the claim. National issued policies for both of the coverage years relevant to this case, one policy for 1990 and another policy for 1991.
 
 
 3
 On April 18, 1990, Bartolazo received a letter from the attorney for a former patient, Helen Marsico, requesting the patient's records in connection with "her claim for medical malpractice and other relief against him."[1]
 
 
 4
 It was not until January 24, 1991, however, that Marsico served a Notice of Intent to Initiate Litigation for Medical Malpractice ("Notice") against Bartolazo, as required by Florida Statutes prior to filing a complaint. In the notice, Marsico alleged Bartolazo coerced her into a sexual relationship by prescribing addictive drugs.
 
 
 5
 On January 27, 1991, Bartolazo notified National of the claim, seeking coverage under his 1991 policy. National sent to Bartolazo a reservation of rights letter required under Section 627.426(2), Florida Statutes, in August 1991, and in July 1992, filed an amended complaint seeking declaration of its obligations under the 1991 policy.
 
 
 6
 National moved for summary judgment on the basis that Bartolazo failed to timely report the "claim" as required under the policy. National contended that the 1990 letter constituted a "claim," and Bartolazo was not entitled to coverage because he failed to notify National of the letter within the year he received it.
 
 
 7
 Bartolazo countered that only the 1991 Notice constituted a claim and he reported it timely, or alternatively, if the 1990 letter did constitute a claim, he was entitled to coverage under the extended reporting period clause in his 1990 policy.
 
 
 8
 The district court properly denied National's motion for summary judgment. While orders denying motions for summary judgment are normally unappealable, we, in our discretion, exercise our pendent appellate jurisdiction over this issue. See Stewart v. Baldwin County Bd. of Ed., 908 F.2d 1499, 1509 (11th Cir.1990) ("pendent jurisdiction is properly exercised over non-appealable decisions of the district court when the reviewing court already has jurisdiction over one issue in the case."). Since the grant of summary judgment to Bartolazo is properly before us, and must be reversed as shown in the following discussion, we exercise jurisdiction over the court's denial of summary judgment to National.
 
 
 9
 National's motion for summary judgment was based on Exclusion "Q" of the policy. Exclusion "Q" allows National to deny coverage on any claim arising out of a medical incident which, on the inception date of the policy, the insured "knew or had been told ... would result in a claim" or is the subject of a pending claim.
 
 
 10
 The 1991 policy defines a "claim" as "the receipt by you of a demand for money or services, naming you and alleging a medical incident." National's contention that the 1990 letter from Marsico's attorney constitutes a "claim" is meritless. The 1990 letter made no demand for money or services, nor did it allege a medical incident. The letter merely requested Marsico's medical records and alluded to a claim for malpractice. The district court's decision on this point is due to be affirmed. National's motion for summary judgment was properly denied.
 
 
 11
 Although Bartolazo claimed coverage under the extended reporting period in the 1990 policy, it is not necessary to decide this argument in view of our decision that the claim was properly made under the 1991 policy.
 
 
 12
 As to the summary judgment for Bartolazo, the only motion for summary judgment on his behalf was made orally by Bartolazo's attorney during the hearing on National's motion. In concluding his oral argument that the claim was properly made under either one policy or the other, Bartolazo's attorney stated: "So if summary judgment is going to be granted here, Your Honor, we would respectfully submit that it's going to be in favor of the defendant." (Transcript of hearing on motion for summary judgment, p. 25). The court granted this Ore Tenus Motion for summary judgment. No written motion for summary judgment was ever filed with the court.
 
 
 13
 The district court improperly entertained Bartolazo's oral motion. First, in this Circuit, Rule 56 motions must be in writing. Hanson v. Polk County Land, Inc., 608 F.2d 129, 131 (5th Cir.1979). Second, the rule requires that motions for summary judgment "shall be served at least 10 days before the time fixed for the hearing." Rule 56(c), Fed.R.Civ.P. This notice provision "is not an unimportant technicality, but serves substantial interests." Id.; Milburn v. United States, 734 F.2d 762 (11th Cir.1984). The notice provides an adequate opportunity for litigants to prepare a reasoned, complete response to the motion before the court. Thus, the 10-day advance notice requirement for all litigants is mandatory in this Circuit to satisfy the notice and hearing dictates of Rule 56. Milburn, 734 F.2d at 765.
 
 
 14
 The problem that occurs when the district court does not adhere to these procedures is well reflected in this record. In its complaint, National alleged four bases for denying coverage under the 1991 policy: (1) Marsico's claim was not a medical incident covered by the policy; (2) Marsico's claim was an injury or damage resulting from an incident which is a willful violation of a statute, ordinance, or regulation imposing criminal penalties, excluded under Exclusion "F;" (3) Marsico's claim was an injury or damage the insured expected or intended pursuant to Exclusion "N;" and (4) Bartolazo's knowledge of Marsico's claim at the inception of the policy excluded the claim pursuant to Exclusion "Q."
 
 
 15
 Nowhere in the record is there any notice to National of Bartolazo's intent to seek summary judgment during that hearing. The record indicates that the only motion before the court was the one made orally by Bartolazo's attorney during the course of the hearing declaring that Bartolazo was entitled to relief. That hearing involved only the fourth ground for National's denial of coverage.
 
 
 16
 The district court's premature disposition of the case at that hearing deprived National of the opportunity to present its case regarding the other three grounds for denying coverage. National could have prevailed on a final summary judgment without addressing any of the other three bases for denying coverage. Such a ruling would have been dispositive. On the other hand, for Bartolazo to prevail on a final summary judgment, he would have to demonstrate his claim constituted a medical incident and that neither Exclusion "F" nor "N" applied.
 
 
 17
 Although National concedes that Bartolazo mentioned the other issues in passing during the summary judgment hearing, National did not present argument regarding these issues, and the court did not mention them in its Memorandum and Order. National had no warning that the fate of its entire complaint would be decided on the one issue being argued at the hearing. Presumably these issues required for their resolution factual determinations not yet made on this record. We therefore reverse the grant of summary judgment to Bartolazo, and remand this case for further proceedings relevant to these outstanding issues.
 
 
 18
 Bartolazo's award of attorney's fees and costs pursuant to Section 627.428, Florida Statutes, is reversed, and his motion for award of appellate attorney's fees is denied.
 
 
 19
 AFFIRMED in part, REVERSED in part, and REMANDED.
 
 
 
 [1]
 The body of the letter, signed by Marsico's attorney, stated as follows:
 Dear Dr. Bartolazo,
 Our office, in association with the office of James H. Turner, represents Helen Marsico in her claim for medical malpractice and other relief against you.
 You are requested to furnish to us copies of all your medical records pertaining to Helen Marsico within 10 business days of the date of this letter. Authorization for the release of medical information signed by Ms. Marsico is enclosed.
 We will reimburse you for reasonable copy charges for copies of your records.