**UNITED STATES of America,**

v.

**Carrie L. CHANDLER a/k/a, "Gail T. Wilson," a/k/a "Amy L. Glasper," a/k/a "Amy L. Walker," a/k/a "Carrie L. White," Defendant.**

**No. 92–CR–679 (ADS).**

United States District Court, E.D. New York.

Sept. 19, 2002.

Roslynn R. Mauskopf, United States At-
torney, Central Islip, NY, by: Burton T.
Ryan, Assistant United States Attorney.

Carrie L. Chandler, Brooklyn, NY, De-
fendant Pro Se.

SPATT, District Judge.

On July 12, 1994, a jury found Carrie L. Chandler ("Chandler" or the "defendant") guilty of (1) possessing and using five or more false identification documents in violation of 18 U.S.C. § 1028(a)(3); (2) making a false statement in the application and use of a passport in violation of 18 U.S.C. § 1542; and (3) bank fraud in violation of 18 U.S.C. § 1344. On September 16, 1994, this Court sentenced Chandler to twenty-one months imprisonment and five years supervised release and directed that she pay restitution in the amount of $4,898 to Household Finance Bank. The Court also ordered that Chandler was to receive psychiatric treatment. On October 23, 1996, the Second Circuit Court of Appeals affirmed the judgment of conviction. *See United States v. Chandler*, 98 F.3d 711 (2d Cir.1996). According to the Government, the defendant's supervised release terminated on December 28, 1999, and she has not fulfilled the restitution requirement. Presently before the Court are three requests by Chandler for the Court to provide her with various documents. The Court will review the requests chronologically.

## A. The September 17, 2001 Request for Probation Department Documents

Chandler requests the following documents from the file maintained by the United States Department of Probation: (1) monthly supervision reports for May through September 1996 with photocopies of Chandler's pay stubs from those months; (2) a memorandum, dated May 23, 1999, from United States Probation Officer Gregory Carter to the Court, requesting a modification of probation; and (3) all of Chandler's medical reports, including but not limited to the psychiatric evaluation by one Dr. Berger. Chandler contends that she is entitled to the memorandum and medical reports because they

were previously provided to her. She maintains that she is entitled to copies of her monthly supervision reports because the Government conceded as much during a Modification of Probation Hearing that was held in 1999. The Government opposes her request.

Chandler has provided no legal authority in support of her application for the records maintained by the Probation Department. Nor has she indicated why she wants the Probation Department documents. Although in one of her subsequent requests, Chandler states that she needs certain other documents to assist her in preparing a lawsuit she filed in the Souther District of New York against the New York State Division of Parole, she does not indicate that the Probation Department documents are necessary to that lawsuit.

██ Chandler is not entitled to the documents. A legal authority that might provide a basis for Chandler's request would the Freedom of Information Act, 5 U.S.C. § 551 *et. seq.* ("FOIA") or the Privacy Act, 5 U.S.C. § 552a. The FOIA and the Privacy Act require agencies of the executive branch to make "agency records" available to individuals provided certain requirements are met. 5 U.S.C. §§ 552(a)(3), 552(a)(4); 5 U.S.C. §§ 552a(1), 552a(g)(1)(A), (B), (C), and (D). The FOIA describes "agency" for both statutes as follows:

[T]he term "agency" as defined section 551(1) of this title includes any executive department, military department, Government corporation, Government controlled corporation, or other establishment in the executive branch of the Government (including the Executive Office of the President), or any independent regulatory agency.

5 U.S.C. § 552(f). The United States Courts are expressly exempt from the definition of the word "agency". 5 U.S.C.

§ 551(1)(B), and the Probation Department is an arm of the Untied States District Court, *see Dorman v. Higgins,* 821 F.2d 133, 137 (2d Cir.1987); *Rankin v. United States Probation Department,* 1989 WL 14067 *1 (E.D.Pa. Feb.21, 1989). Therefore, the Probation Department is exempt from the disclosure requirements of the FOIA and the Privacy Act. *See Lindsey v. Bureau of Prisons,* 736 F.2d 1462, 1464 (11th Cir.1984); *United States v. Charmer Indus.,* 711 F.2d 1164, 1170 n. 6 (2d Cir.1983) (a court document is not within the purview of the Privacy Act or the FOIA); *Schwartz v. U.S. Department of Justice,* 1995 WL 675462 *7 (S.D.N.Y. Nov. 14, 1995); *Rankin,* 1989 WL 14067 *1. Accordingly, the Court denies Chandler's request for the three types of Probation Department records because she has provided no legal authority for their disclosure; she has not explained the reason she requires these documents; and the Privacy Act and the FOIA do not require the Probation Department to provide her with the documents she seeks.

**B. The March 15, 2002 Request for the Sealed Affirmation of Gregory Glasper**

In a letter dated March 15, 2002, Chandler asks this Court to unseal the affirmation of one Gregory Glasper ("Glasper"), which Chandler states she sought to enter in evidence during her criminal trial. Chandler, in her request, and the Government, in its opposition papers, state that the contents of the affirmation were false. Chandler and the Government also state that the Court declined to enter the affirmation in evidence, and the Government states that the Court sealed the document to preserve it should it be needed on appeal.

Chandler explains that she seeks the affirmation to use against Glasper in the trial of her civil action pending in the Southern District of New York. Chandler claims that Glasper wrote letters to the New York State Division of Parole and the New York City Police Department that "were the catalysts to the Parole and NYPD conduct that is now being challenged." Chandler asserts that she "reasonably anticipate[s] that the defendants will allege that they engaged in certain conduct against me based upon the allegations made by Mr. Glasper," and she seeks to impeach Glasper's credibility with the affirmation. Chandler argues that the Court should unseal the affirmation and provide her with a copy because the only reason she does not currently possess a copy is that she lost much of the record in this case when she was evicted from her home in 1998.

The Government opposes Chandler's request, arguing that the need for the document is uncertain; the scope of cross-examination is a matter best left to the trial judge; Chandler is already aware of the contents of the affirmation and, thus, does not require the affirmation to cross-examine Glasper; and, if a compelling need for the production of the document occurs, Chandler will inform the trial judge of the existence of the documents. In sum, the Government asserts that Chandler has failed to present the Court with a compelling need for an order unsealing the affirmation.

 "[A]ccess to sealed court records is ordinarily obtained by a request addressed to the discretion of the trial court which determines the question of the relevant circumstances." *United States v. Davis,* 702 F.2d 418, 423 (2d Cir.1983). The party seeking to maintain judicial records under seal bears the burden of proof. *See United States v. Amodeo,* 71 F.3d 1044, 1047 (2d Cir.1995) (*Amodeo II*); *United States v. Amodeo,* 44 F.3d 141, 146 (2d Cir.1995) (*Amodeo I*). The first question before the Court is whether the affir-

mation is a "judicial document." *See SEC v. Thestreet.com,* 273 F.3d 222, 232–33 (2d Cir.2001). "Judicial documents" are items that are "relevant to the performance of the judicial function and useful in the judicial process," *Amodeo I,* 44 F.3d at 145; "directly affect an adjudication," *Amodeo II,* 71 F.3d at 1049; or "determin[e] litigants' substantive rights," *Id. See Thestreet.com,* 273 F.3d at 233.

■ The Court denied the defendant's request to admit the document in evidence. However, the Court redacted portions of the affidavit it found were inappropriate and scandalous and permitted Chandler and the Government to question Glasper about the remainder of its contents. On cross-examination by the Government, Glasper admitted that portions of the affirmation were not true. The affirmation also played a role in the sentencing proceedings when the Government sought an upward enhancement of Chandler's sentence based on the allegation that she suborned Glasper's perjury in the affirmation. The Court held that the Government failed to introduce sufficient evidence linking Chandler to the creation of the affirmation. The Court finds that the affirmation is a judicial document because the jury heard testimony regarding its unredacted portions, and the Court used it in determining Chandler's sentence. Because the Glasper affirmation is a judicial document, it is presumptively subject to public inspection. *Amodeo I,* 44 F.3d at 146; *see Thestreet.com,* 273 F.3d at 233.

■ The next question to be resolved is the weight that should be given to the presumption favoring access. In *Amodeo II,* the Second Circuit explained that:

> [T]he weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of the Article III judicial power and the resultant value of such information to those monitoring the federal courts.

Generally, the information will fall somewhere on a continuum from matters that directly affect an adjudication to matters that come within a court's purview solely to insure their irrelevance.

*Amodeo II,* 71 F.3d at 1049. The Court finds that in this case, the presumption favoring access is weak. Those monitoring the federal courts have the same access to the information regarding the affirmation as did the jury, because Glasper testified about its unredacted portions during the trial. In addition, although the Court considered the affirmation in determining the appropriate sentence, it did not review the contents of the affirmation. Rather, it reviewed Glasper's testimony regarding the affirmation and determined that the Government had not introduced sufficient evidence to link Chandler to the creation of the affirmation. Accordingly, the public has access to the information the Court used to conclude that Chandler should not receive an upward departure based on the Glasper affirmation. Thus, the Court finds that the presumption of access to the Glasper affirmation is weak.

Next, the Court must turn to any countervailing factors that must be weighed against the presumption of access. *See Amodeo II,* 71 F.3d at 1050. Here, the countervailing factor is protecting the privacy interests of those mentioned in the affirmation. The affirmation contains scandalous allegations regarding the sexual activity of several people. These allegations are apparently false, and their release to the public could harm the reputation and lives of those mentioned. Indeed, "courts have the power to insure that their records are not 'used to gratify private spite or promote public scandal,' and have 'refused to permit their files to serve as reservoirs of libelous statements for press consumption.'" *Amodeo II,* 71 F.3d at 1051 (quoting *Nixon v. Warner*

*Communications, Inc.* 435 U.S. 589, 598, 98 S.Ct. 1306, 1312, 55 L.Ed.2d 570 (1978)).

In balancing these factors, the Court notes that denying Chandler's application will not impede her ability to impeach Glasper. During Chandler's criminal trial, Glasper admitted under oath that portions of the affirmation were not true. Thus, Chandler could use the trial testimony about the affirmation to impeach Glasper in her civil trial. The Court also notes that Chandler's present motion is based on her assumption that her case will proceed to a trial, that Glasper will be available to testify, and that the trial court will permit Chandler to question him about the affirmation. That all of these events will occur is by no means certain.

In sum, the Court denies Chandler's request to unseal the Glasper affirmation because although it is a judicial document, it is accorded a weak presumption of public access that is overcome when balanced with countervailing concerns.

C. **The April 26, 2002 Request for (1) Trial Transcripts; (2)** *Fatico* **Hearing Transcripts; (3) "Jencks Act Materials;"; (4) the Second Superseding Indictment; and (5) the Presentence Investigation Report**

■ In a letter dated April 26, 2002, Chandler requests the following documents: (1) trial transcripts; (2) *Fatico* hearing transcripts; (3) "Jencks Act Materials"; (4) the Second Superseding Indictment; and (5) the Presentence Investigation Report ("PSI"). She also renews her request for a copy of the Glasper affirmation. The Second Superseding Indictment and the transcripts from Chandler's criminal trial and *Fatico* hearing are public documents available in the court file which is located in the Clerk's Office. Chandler can review them in the Clerk's Office and

make copies of them and does not require a court order to do so. To the extent that Chandler requests free copies of these documents, that request is denied. Chandler's criminal case has concluded, and her judgment of conviction has been affirmed on appeal. Therefore, she is not entitled to free copies of court documents under the Criminal Justice Act.

Chandler's request for "Jencks Act Materials" is denied because Chandler fails to specify the information, documents, or statements she seeks. The Court cannot evaluate such a vague request.

■ Chandler's request for a copy of the PSI also is denied. The PSI is a document created by the Department of Probation and provided to the Court prior to sentencing. As such, it is a court document, and for the reasons discussed above, neither the Privacy Act nor the FOIA require the Court to provide her with a copy of it. Notably, the Supreme Court has held that the FOIA empowers the subject of a PSI to obtain his or her PSI from the FBI or the United States Parole Commission, if either of those executive branch agencies has a copy of the PSI. *See United States Department of Justice v. Julian,* 486 U.S. 1, 108 S.Ct. 1606, 100 L.Ed.2d 1 (1988). However, the Court's holding does not affect the exclusion of the United States Courts from the FOIA or the Privacy Act. Accordingly, Chandler's request for a copy of her PSI is denied.

Based on the foregoing, it is hereby

**ORDERED**, that Chandler's requests for copies of (1) the Probation Department Records; (2) trial transcripts; (3) transcripts from the *Fatico* hearing; (4) "Jencks Act Materials"; (5) the Second Superseding Indictment; and (6) the PSI are **DENIED**; and it is further

**ORDERED**, that Chandler's request for an order unsealing the affirmation of Gregory Glasper is **DENIED**.

**SO ORDERED.**