[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 15, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-12387
Non-Argument Calendar
_____

D. C. Docket No. 04-01951-CV-MHS-1

WANDA SPANN,

Plaintiff-Appellant,

versus

COBB COUNTY PRETRIAL COURT SERVICES AGENCY,
COBB COUNTY JUDICIAL CIRCUIT, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(November 15, 2006)

Before ANDERSON, BIRCH and BLACK, Circuit Judges.

PER CURIAM:

Wanda Spann, an African-American female appearing *pro se*, appeals the district court's dismissal of the Cobb County Superior Court Judges Council (Judges Council), the Cobb County Pretrial Court Services Agency (Cobb County PCS), and Chief Magistrate Judge Frank Cox as defendants from her action alleging racial discrimination in violation of Title VII of the Civil Rights Acts of 1964 (Title VII), 42 U.S.C. § 2000e-2. Spann also appeals the district court's grant of summary judgment to Cobb County, asserting she presented evidence the proffered reasons for her termination were pretextual.[1] The district court did not err, and we affirm.

## I. DISCUSSION

### A. *Cobb County PCS, Judge Cox, and Judges Council*

"We review *de novo* the district court's grant of a motion to dismiss under [Federal Rule of Civil Procedure] 12(b)(6) for failure to state a claim, accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff." *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003). "A dismissal for failure to state a claim is erroneous unless it appears beyond doubt that the

---

[1] Although Spann argues in her reply brief the district court erred in deciding the issue of retaliation, Spann waived this argument by failing to raise the issue in her initial brief. *United States v. Dicter*, 198 F.3d 1284, 1289 (11th Cir. 1999) (issues raised for the first time in a reply brief are deemed waived). Additionally, because Cobb County was the prevailing party, the district court did not err in awarding costs under Fed. R. Civ. P. 54(d)(1).

plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Cryder v. Oxendine*, 24 F.3d 175, 176 (11th Cir. 1994) (quotations and citation omitted). "Under 12(b)(6), whether a plaintiff failed to state a claim upon which relief can be granted must be ascertained from the face of the complaint." *Garcia v. Copenhaver, Bell & Assocs., M.D.'s P.A.*, 104 F.3d 1256, 1266 n.11 (11th Cir. 1997).

The district court considered an affidavit outside of the complaint when granting the Judges Council's motion to dismiss, thus, we will construe the Judges Council's motion to dismiss as a converted motion for summary judgment.[2] *See Trademark Ins. Co. v. ESLU, Inc.*, 299 F.3d 1265, 1267 (11th Cir. 2002). We note the magistrate judge gave Spann sufficient notice the motion would be taken under advisement and informed Spann of the appropriate materials to file in opposition. *See Massey v. Congress Life Ins. Co.*, 116 F.3d 1414, 1417 (11th Cir. 1997).

Under Title VII, it is unlawful "for an *employer* to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment,

---

[2] We review *de novo* a district court's grant of summary judgment and view all facts in the light most favorable to the non-moving party. *Pipkins v. City of Temple Terrace, Fla.*, 267 F.3d 1197, 1199 (11th Cir. 2001). "Summary judgment is only proper if there are no genuine disputed issues of material fact, and the moving party is entitled to judgment as a matter of law." *Frederick v. Sprint/United Mgmt. Co.*, 246 F.3d 1305, 1311 (11th Cir. 2001).

because of such individual's race . . . ." 42 U.S.C. § 2000e-2(a)(1) (emphasis added). "Individual capacity suits under Title VII are . . . inappropriate." *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991).

The district court did not err in dismissing the suit against Judge Cox in his unofficial capacity because Title VII does not provide relief against individuals. *Busby*, 931 F.2d at 772. Additionally, Spann stated she was "employed by Cobb County Government." At no time in her complaint did she allege she was ever employed by Judge Cox, Cobb County PCS, or the Judges Council. Accordingly, the district court did not err in dismissing Judge Cox, Cobb County PCS, or the Judges Council as defendants.

B. *Cobb County*

Where a plaintiff supports her Title VII claim with circumstantial evidence, this Court analyzes her claim using the framework set forth in *McDonnell Douglas Corp. v. Green*, 93 S. Ct. 1817 (1973). *Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1087 (11th Cir. 2004). Under the *McDonnell Douglas* framework, the plaintiff must first establish a *prima facie* case of discrimination, which creates a presumption of discrimination. *Wilson*, 376 F.3d at 1087. Once the plaintiff establishes a *prima facie* case, the employer then has the burden of production to establish a legitimate, nondiscriminatory reason for its actions. *Id.* If the employer

4

satisfies its burden, thus rebutting the presumption of discrimination, the plaintiff must then demonstrate the employer's reason is a pretext for discrimination. *Id.*

To establish pretext, a "plaintiff must demonstrate that the proffered reason was not the true reason for the employment decision . . . . [The plaintiff] may succeed in this either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." *Jackson v. State of Ala. State Tenure Comm'n*, 405 F.3d 1276, 1289 (11th Cir. 2005) (quotations and citation omitted). "Conclusory allegations of discrimination, without more, are not sufficient to raise an inference of pretext or intentional discrimination where [an employer] has offered . . . extensive evidence of legitimate, non-discriminatory reasons for its actions." *Mayfield v. Patterson Pump Co.*, 101 F.3d 1371, 1376 (11th Cir. 1996) (quotations and citation omitted). When an employer sincerely believes an employee committed rule infractions or poor performance occurred, that belief, and thus the legitimate, non-discriminatory reason for termination, cannot be rebutted by an employee's argument that the infractions did not occur, but must be rebutted with evidence the employer's belief of the occurrences is insincere or unworthy of credence. *See Vessels v. Atlanta Indep. School Sys.*, 408 F.3d 763, 771 (11th Cir. 2005).

5

The district court found Spann established a *prima facie* case of discrimination and Cobb County proffered four reasons for terminating Spann. Spann was unable to show at least two of the reasons were pretextual. First, Spann failed to show the decision to terminate her for failing to turn over personnel records to the magistrate court administrator was merely a pretext. Spann admitted in her deposition she "understood fully" the instructions contained in a March 5, 2003, memorandum from Judge Cox instructing her to turn all personnel files over immediately to the magistrate court administrator. After receiving the memo, Spann removed the personnel files from the Cobb County PCS office and placed them in her home, in direct contravention of Judge Cox's instructions. Second, Spann committed yet another act of insubordination by firing an employee without Judge Cox's permission. Spann fails to show why terminating her for this reason is merely pretext. Instead, Spann asserts "Cox put both Plaintiff and [the fired employee] in a no-win situation. Judge Cox set [the fired employee] up to be fired as a means of cornering the Plaintiff." This conclusory allegation is not enough to show pretext.

Spann's actions could reasonably be interpreted as insubordination, Cobb County had a legitimate non-discriminatory reason for terminating Spann. The district court did not err in granting Cobb County's motion for summary judgment.

## II. CONCLUSION

The district court did not err in (1) dismissing the Judges Council, the Cobb County PCS, or Judge Cox, or (2) granting summary judgment to Cobb County.[3]

AFFIRMED.

---

[3] Spann raises numerous arguments about Judge Cox's supervisory authority over her. Even if Judge Cox did not have the authority to terminate Spann, this would not afford Spann a remedy under Title VII. The issue of whether Cox had the authority to terminate Spann falls outside the scope of the protections of Title VII. Having dismissed all federal claims, the district court did not err in declining to exercise supplemental jurisdiction for a state cause of action. *See Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1088-89 (11th Cir. 2004).