[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPT 25, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-14829
Non-Argument Calendar

_____

D. C. Docket No. 05-00949-CV-T-MAP

MORNINGSTAR HEALTHCARE, LLC,

Plaintiff-Appellant,

versus

GREYSTONE & CO., INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(September 25, 2008)

Before BLACK, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Morningstar Healthcare, LLC, appeals the district court's grant of summary judgment in favor of Greystone & Co., Inc., in Morningstar's breach of contract action against Greystone. In 2000, Morningstar sought to purchase a hospital from Princeton Hospital, Inc., who was in bankruptcy proceedings. Morningstar needed financing for its acquisition and, in order to demonstrate to the bankruptcy judge that Morningstar was a legitimate purchaser, sought from Greystone a loan commitment letter that would show Greystone's agreement to fund Morningstar's purchase. Morningstar received a letter, which briefly described in general terms the size of the loan, the interest rate, and a repayment schedule. Subsequent to the letter's issuance, however, the parties did not agree as to certain terms, and Greystone did not issue the loan.

Morningstar sued. After extensive discovery, Greystone filed a summary judgment motion in which it argued it was not obligated to fund the loan primarily because (1) Morningstar failed to provide Greystone with a written agreement between Morningstar and the surgeon who would operate the facility, and (2) Morningstar had not complied with Florida law governing the sale of hospitals and could not complete the transaction. The district court granted the motion for summary judgment, finding the loan commitment letter was not a binding, valid agreement demonstrating the parties' mutual assent.

On appeal, Morningstar argues the district court erred because (1) the district court ruled *sua sponte* that the letter did not constitute a binding contract and did not give Morningstar notice of its intent to rule on the issue; (2) the district court denied Morningstar's motion for reconsideration; and (3) to the extent the district court granted summary judgment on the issues presented by Greystone in its motion, the district court erred.

Morningstar first asserts the district court erred in finding the loan commitment letter did not constitute an integrated contract evidencing the mutual assent of the parties as to the essential terms of the contract. Morningstar contends Greystone never argued the loan commitment letter was not a valid contract in Greystone's summary judgment motion, and the district court erred in *sua sponte* granting summary judgment on a ground not properly before it.

We review the grant of summary judgment de novo, considering all the evidence and reasonable inferences therefrom in the light most favorable to the nonmoving party. *Ellis v. England*, 432 F.3d 1321, 1325 (11th Cir. 2005). Although district courts possess the power to grant summary judgment *sua sponte*, they must ensure parties receive adequate notice and are afforded an opportunity to bring forward all of their evidence. *Massey v. Congress Life Ins. Co.*, 116 F.3d 1414, 1417 (11th Cir. 1997). But "where a legal issue has been fully developed,

3

and the evidentiary record is complete, summary judgment is entirely appropriate even if no formal notice has been provided." *Artistic Entm't, Inc. v. City of Warner Robins*, 331 F.3d 1196, 1202 (11th Cir. 2003); *see also Flood v. Young Woman's Christian Ass'n of Brunswick, Ga., Inc.*, 398 F.3d 1261, 1267 (11th Cir. 2005) ("[A] district court may enter summary judgment *sua sponte* if the parties are given adequate notice that they must present all of their evidence.").

Morningstar received adequate notice and was afforded an opportunity to argue whether the loan commitment letter demonstrated a binding agreement by Greystone to loan money for the acquisition of the hospital. Although Greystone's summary judgment motion emphasized Morningstar's inability to satisfy certain conditions, Greystone clearly argued the letter was not a full expression of the agreement because it lacked key terms, was not signed by Morningstar, and did not contain a merger provision. In fact, Morningstar devoted two pages of its response to Greystone's motion to arguing the loan commitment letter was a binding agreement between the parties.

Moreover, it is incorrect to characterize the district court's ruling as a *sua sponte* grant of summary judgment. The district court ruled on an issue that was a component of the arguments made by both parties. Greystone argued the loan commitment letter did not obligate it to fund the loan because there were

4

additional contingencies Morningstar had to meet.  Morningstar asserted the loan

commitment set forth all material terms of the agreement and Greystone's

purported additional terms were not part of that agreement.  In other words, the

parties disagreed as to the significance of the loan commitment letter.

Thus, the district court had before it the question of the effect of the loan

commitment letter and whether it created a binding agreement between the parties.

Recognizing Morningstar's breach of contract action was implicitly premised on

the letter being a valid, integrated contract representing the parties' mutual assent,

the district court found the letter lacked the terms and contingencies typically

found in such a complex financial agreement.  The district court concluded the

letter simply spelled out the general terms of a possible loan and the undisputed

evidence demonstrated the parties did not intend for it to be a binding agreement.

The district court's grant of summary judgment was procedurally proper;

thus, the court did not err either in granting the summary judgment or in denying

Morningstar's motion for reconsideration.  Morningstar does not argue the district

court's conclusion that there was no mutual assent between the parties was

substantively erroneous, and we need not decide the issue.[1]  Because we affirm the

---

[1] In its reply brief, Morningstar points to facts it argues raises genuine issues of material fact related to the mutual assent issue that formed the basis of the district court's ruling. Morningstar failed to raise these arguments in its opening brief, and arguments raised for the first

5

district court's grant of summary judgment, we also need not address

Morningstar's alternative argument regarding the explicit bases for Greystone's

original motion for summary judgment. The district court's grant of summary

judgment is **AFFIRMED**.

---

time in reply are waived. *Jackson v. United States*, 976 F.2d 679, 680 n.1 (11th Cir. 1992).