**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

_____

No. 98-30266

_____

PAN AMERICAN LIFE INSURANCE COMPANY,

Plaintiff-Appellant,

VERSUS

UNITED STATES OF AMERICA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana

_____

May 18, 1999

Before REYNALDO G. GARZA, POLITZ, and BARKSDALE, Circuit Judges.

PER CURIAM:

## I. FACTUAL AND PROCEDURAL BACKGROUND

Pan American Life Insurance ("PALIC") filed an action against the United States of America ("USA") seeking a refund for federal income taxes, penalties, and interests assessed against it in the approximate amount of $8,000,000 for tax years 1984, 1985, and 1986. The main issue in this case is whether PALIC is a mutual life insurance company for purposes of section 809 of the Internal Revenue Code ("IRC"). The second issue is whether PALIC is liable for substantial understatement penalties pursuant to 26 U.S.C. § 6661(a) (repealed 1989).

PALIC has operated as a mutual life insurance company since 1952 and has declared itself to be a mutual insurer with the Louisiana Department of Insurance. It has also represented itself to be a mutual life insurance company to rating agencies and to auditors, as well as in its promotional materials. PALIC is owned by participating policyholders and has no stockholders. The participating policy holders have the right to elect the board of directors in whom the powers of company management are vested.

Section 809, which taxes mutual insurers under federal law, was added to the IRC and was effective in the 1984 tax year.

In 1984, PALIC filled out Schedule F[1] and submitted its return as a "mutual" insurer under section 809. In 1985 and 1986, however, it left Schedule F blank and checked itself off as a "stock" insurance company on Form 1120L.

An audit was then conducted and the Internal Revenue Service ("IRS") determined that PALIC was a mutual insurance company under section 809. PALIC paid the additional taxes, interests and penalties assessed by the IRS and subsequently petitioned the IRS for a refund for tax years 1984, 1985 and 1986.[2] The refund

---

[1]Form 1120L, which is annually filed by life insurance companies, includes a Schedule F for calculation of the section 809 tax owed by mutual insurers.

[2]Although it had originally filed its 1984 return as a "mutual" insurer, it later requested a refund from the IRS for the section 809 tax paid in 1984.

was denied and PALIC filed suit.

The parties filed cross motions for summary judgment on the issue of whether PALIC is a mutual life insurance company within the meaning of section 809 of the IRC and on the issue of penalties under section 6661(a) (repealed 1989). The district court granted both of the IRS' motions for summary judgment and denied both of PALIC's motions for summary judgment.

This appeal followed.

## II. DISCUSSION

PALIC argues on appeal that it is a "stock" life insurance company for federal income tax purposes and that the IRS has wrongfully taxed it under section 809. Therefore, PALIC appeals the district court's decision and petitions a refund for the taxes and interest assessed against it under section 809 for tax years 1984, 1985 and 1986.

After reviewing the district court's opinion, the parties briefs, the record and hearing oral argument, we AFFIRM the district court's decision holding PALIC as a mutual life insurance company for purposes of section 809.

This Court now addresses the second issue on appeal; whether PALIC is liable for substantial understatement penalties under section 6661(a) (repealed 1989). We review the district court's decision regarding section 6661(a) for abuse of discretion.

*Streber v. Commissioner*, 138 F.3d 216, 222 (5th Cir. 1998);

*Heasley v. Commissioner*, 902 F.2d 380, 834 (5th Cir. 1990).

Section 6661(a) provides for a penalty tax equal to twenty-five percent of the amount of any underpayment to the IRS. Section 6661(b)(2)(B) states that a taxpayer shall have the penalty reduced by the portion of the understatement which is attributed to:

> (i) the tax treatment of any item by the taxpayer if there is or was substantial authority for such treatment, or
> (ii) any item with respect to which the relevant facts affecting the item's tax treatment are adequately disclosed in the return or in a statement attached to the return.

Under section 6661(b)(2)(B)(ii), an adequate disclosure on the form "or" an attached statement to the return is sufficient to merit a reduction in the penalty fee.

Relief can also be sought by a taxpayer under section 6661(c). This section authorizes the Secretary to waive all or any part of the additional taxes provided by section 6661(a) on a showing by the taxpayer that there was a reasonable cause for the understatement and that the taxpayer acted in good faith.

Although this Court finds that PALIC lacked substantial authority in support of its section 809 argument, the record, briefs and oral argument reveal that PALIC did adequately and sufficiently disclose the relevant facts affecting its tax returns. 26 C.F.R. section 1.6661-4(a) states that a "disclosure

4

is adequate with respect to the tax treatment of an item on a return only if it is *made on such return or in a statement attached thereto*."  (emphasis added).

The district court upheld the penalty imposed against PALIC, stating that PALIC's return was insufficient because it did not alert the IRS to the "nature of the controversy."  The district court held that PALIC should have disclosed in an attached written statement the reasons explaining why it had checked itself off as a "stock" insurer rather than a "mutual" insurer on its 1985 and 1986 tax returns.

Similarly, the IRS maintains that PALIC should have attached a written statement to its tax returns because the returns alone were insufficient to alert the IRS of the potential problems involved.  In supporting the district court's decision, the IRS claims that PALIC did not provide the IRS with even a hint of what it was doing on its 1985 and 1986 tax returns.

The evidence shows that PALIC is audited every year and that it is closely monitored by the IRS.[3]  The inconsistency in the 1985 and 1986 tax returns arose when PALIC labeled itself as a "stock" insurer on its returns and simultaneously labeled itself a "mutual" insurer under Louisiana law on the attached annual statements.  The district court and the IRS assert that PALIC

---

[3]PALIC has been audited in two to three year cycles since 1953.

5

should have provided an explanation for the inconsistency. A review of the record illustrates, however, that the inconsistency had been acknowledged by both PALIC and the IRS and that a written statement was not needed. Moreover, the record shows that the Commissioner had been alerted to the nature of the potential controversy and that both the IRS and PALIC were fully aware that a problem might arise with PALIC's tax returns.

We note, that in prior instances this Court has implemented the use of section 6661(a) to punish taxpayers who have tried to defraud the IRS. *Sandvall v. Commissioner*, 898 F.2d 455 (5th Cir. 1990). This Court has waived the punishment, however, when the taxpayer has been able to show that the understatement was for good cause and in good faith. *Heasley*, 902 F.2d at 385; *Stanford v. Commissioner*, 152 F.3d 450 (5th Cir. 1998). The latter case is similar to the one at hand, therefore, we find that the tax penalty was improperly imposed against PALIC.

CONCLUSION

We find that the evidence demonstrates that PALIC adequately disclosed the relevant facts affecting its tax returns under section (b)(2)(B)(ii). Thus, we conclude that the IRS was properly alerted to the nature of the controversy on the tax returns. Accordingly, we find that the district court abused its discretion by upholding a section 6661(a) penalty charge.

6

Therefore, we AFFIRM the district court's judgment regarding the first issue and REVERSE AND VACATE the tax penalty imposed against PALIC.