In re **HILLSBOROUGH HOLDINGS CORPORATION, et al., Debtors.**

**Hillsborough Holdings Corporation, et al., Plaintiffs,**

v.

**United States of America, Defendant.**

**Bankruptcy Nos. 89–9715–8P1 to 89–9746–8P1, 90–11997–9P1. Adversary No. 91–313.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

June 16, 2006.

Don M. Stichter, Stichter, Riedel, Blain & Prosser, Tampa, FL, for Debtors.

### ORDER ON MOTION FOR PARTIAL SUMMARY JUDGMENT

(Doc. No. 321)

ALEXANDER L. PASKAY, Bankruptcy Judge.

THESE ARE the confirmed Chapter 11 cases of Hillsborough Holdings Corporation and its thirty-two wholly owned subsidiaries (collectively referred to as the Debtors) and the matter under consideration is a Motion for Partial Summary Judgment (Doc. No. 321), filed by the Debtors in the above-captioned Adversary Proceeding, naming the United States of America (the Government) as Defendant. It is the contention of the Debtors that there are no genuine issues of material fact and, thus, they are entitled to summary judgment in their favor determining that the penalties assessed by the Government for fiscal year ending August 31, 1983, were improper and should be declared to be unenforceable.

In order to place the present controversy in a clear and understandable posture, a

brief recap of the history of the litigation between the parties should be helpful. The Debtors filed their respective Petitions for Relief on December 27, 1989, under Chapter 11 of the Bankruptcy Code. In due course the Government filed an Amended Proof of Claim concerning taxes owed by Jim Walter Resources Corporation (JWC Group), one of the Debtors, for fiscal years ending August 31, 1980, and 1983 through 1987. The Amended Proof of Claim was filed by the Government in the aggregate amount of $70,749,780.00, composed of unpaid taxes, plus penalties and interest up to the date the Debtors filed their Chapter 11 cases. The Government's claim was substantially based on the treatment by the JWC Group of three items: (1) the use of the straight-line method of accounting to report interest income on certain installment notes received from the sale of repossessed homes; (2) the reclassification as unstated interest amounts which were nominally included in the sale price of the repossessed homes so that the correct amount of gain could be computed; and (3) treating Jim Walter International Corporation (JWIC) as a domestic international sales corporation (DISC). The three issues, as described above, will collectively be referred to as the Major Issues.

On September 3, 1992, and on April 6, 1993, respectively, this Court disposed of both the straight-line method of accounting and the reclassification issues in favor of the Debtors (Doc. Nos. 36 and 43). On March 3, 1995, this Court disposed of the DISC issue in favor of the Government (Doc. No. 108).

The narrow and precise issue currently before this Court involves the Debtors' contentions (1) that they are not liable for penalties because the JWC Group did not substantially understate its taxes, or (2) in the alternative that JWC made an adequate disclosure for the basis for the claim that Jim Walters International Corporation (JWIC) was entitled to DISC status treatment under the applicable provisions of the Internal Revenue Code and the Regulations promulgation under the Internal revenue code.

The liability for the penalties involved here is based on 26 U.S.C. § 6661(a), which provides that: "if there is a substantial understatement of income tax for any taxable year, there shall be added to the tax an amount equal to 25% of the amount of any underpayment attributable to such understatement." The term understatement is defined as: "excess of (i) the amount of tax required to be shown in the return for a taxable year, over (ii) the amount of tax imposed which is shown on the return."

In support of their Motion, the Debtors point out correctly and there is no dispute about the fact that since the Debtors prevailed on the "straight-line method of accounting issue" and on the "reclassification issue" there is no tax owed relating to those issues and they should not enter in the computation claimed by the government of the substantial understatement of the tax due. The Debtors contend concerning the remaining issue that they had substantial authority for the position they have taken and made adequate disclosures for all three issues. Therefore, no penalty should be charged. This is not completely true. While the Debtors did prevail on the first two issues, they failed to prevail on the DISC issue. Initially the DISC issue was relevant and was involved in both the tax years of 1983 and 1984.

As to the 1984 taxable year, prior to the Debtors filing their return, the Claims Court held in *Thomas International Limited v. United States,* 6 Cl.Ct. 414 (1984), that Treas. Reg. § 1.993–2(d)(2) was invalid. Since the regulation was critical to

the Debtor's right to claim the DISC treatment for the relevant years, the Government conceded that the Debtors had substantial authority for the position they took concerning the DISC issue for the taxable year of 1984.

■ This leaves for consideration the Debtors' challenge to the imposition of a penalty for the tax year ending 1983, especially their substantial authority claim or, in the alternative, adequate disclosure by the Debtors.

■ Substantial authority generally constitutes legal authority. The Treasury Regulations list court opinions, Revenue Rulings, the Internal Revenue Code Revenue Procedures, tax treatises, Committee Reports, Joint Committee on Taxation materials, Technical Advice Memorandum, Letter Rulings, and other materials produced by the IRS as acceptable legal authorities. Treas. Reg. § 1.6661–3(b)(2)(1997).

■ Factual evidence may constitute substantial authority. In the Eleventh Circuit case of *Osteen v. Comm'r*, 62 F.3d 356, 359 (11th Cir.1995), the Court held that substantial factual authority supported the taxpayers' position to establish a profit motive. The Fifth and Sixth Circuits followed the Eleventh Circuit case of *Osteen. See Est. of Kluener v. Com'r*, 154 F.3d 630, 638 (6th Cir.1998). *See also Streber v. Com'r*, 138 F.3d 216, 223 (5th Cir.1998). However, the Connecticut District Court in the case of *Long Term Capital Holdings v. United States*, 330 F.Supp.2d 122, 202 (D.Conn.2004), held that the regulations are not ambiguous and do not require any factual evidence. However, there is a general agreement that the courts will consider only legal authorities with similar fact patterns and accept as a defense that the taxpayer had substantial authority for the claim asserted.

The Debtors' reliance on the 1984 Claims Court case of *Thomas International*, which held that Treas. Reg. § 1.993–2(d)(2) was invalid is misplaced concerning the tax year of 1983 in question for the following reasons. The decision of the Claims Court in *Thomas International*, was issued after the Debtors had already filed their tax return for the tax year ending 1983. Thus, it is evident that the Debtors could not have relied on *Thomas International* as a substantial authority to support their position that they were entitled to the DISC treatment of the taxes for the year ending 1983. Moreover, the Federal Circuit in the case of *Thomas International Limited v. United States*, 6 Cl.Ct. 414 (1984), held that the substantial compliance in the 993 Regulation was not sufficient because the regulation was not the procedural but the substantive rule, and reversed *Thomas International, Thomas International Limited v. U.S.*, 773 F.2d 300 (Fed.Cir.1985). *See Gehl Co. v. Com'r*, 49 T.C.M. (CCH) 372, 375–76, 1984 WL 15308 (1984); *Fritzsche, Dodge & Olcott, Inc. v. Commissioner*, 45 T.C.M. (CCH) 607, 609–10 (1983). Based on the foregoing, this Court is satisfied that the Debtors have failed to establish with the requisite degree of proof that the position they have taken in the tax year 1983 was supported by substantial authority. Concerning the claim that the Debtors did adequately disclose the information essential to put the Commissioner on notice equally fails to cut the mustard.

■ The Debtors in support of their position that there was adequate disclosure rely on the case of *Pan American Life Insurance Company v. United States*, 174 F.3d 694 (5th Cir.1999). *Pan American* filed its financial statements, which were attached to the return, in which the corporation was classified as a mutual life insurance company. In *Pan American* the fi-

nancial statements attached to the return clearly showed the glaring inconsistency with the claim asserted by Pan American. Thus, there is no doubt that by filing the financial statements with their return, Pan American put the Commissioner on notice that there was an issue concerning the treatment claimed by Pan American. Based on the foregoing, the Fifth Circuit concluded that there was no requirement for a separate disclosure of facts showing a potential issue which was apparent on the face of the documents submitted with the return. *Id.* The factual situation in the present instance has no resemblance to the facts involved in *Pan American.* Unlike *Pan American,* the Debtors in the present instance did not attach a statement to their return which would have alerted the Commissioner that there was an important DISC issue that would have to be resolved.

In the case of *McCoy Enterprises, Inc. v. Commissioner,* T.C. Memo 1992–693, 1992 WL 359140, aff'd 58 F.3d 557 (10th Cir.1995), the court sustained the determination that Section 6661(b)(2)(B)(ii) penalty applies to a DISC issue which did not meet the qualified export asset test of Section 992(a)(1)(B). In *McCoy,* the taxpayer attempted to justify its claim that the filing of the return was itself adequate disclosure. The Tax Court rejected this proposition and found, "Petitioner ... has no basis for arguing that it made sufficient disclosure on that consolidated return to enable respondent to identify the potential controversy involved." *Id.*

The Debtors did not provide the IRS with adequate disclosure of the DISC issue by filing their return, which on its face did not establish the Debtors' entitlement to qualify for DISC. Thus, in order to put the Commissioner on notice of the DISC issue the Debtors would have had to make further disclosures to alert the Commissioner

of the potential controversy regarding the DISC issue.

■ The Debtors also assert that the Commissioner abused its discretion by not waiving the penalty with respect to these issues. This record is devoid of any evidence that the Debtors ever requested the Commissioner to waive the penalty. Absent the Debtor's request to the Commissioner, the Commissioner could not have abused its discretion by denying a waiver which was never requested. Section 6661(c) authorizes the Secretary to waive all or part of any addition to the tax "upon a showing by the taxpayer that there was a reasonable cause for the understatement and the taxpayer acted in good faith." The *McCoy* case, *supra* at 563, also involved the contention that the Commissioner abused its discretion in not waiving the penalty. In *McCoy* the court held that "the burden is on the taxpayer to make a showing of a reasonable cause in good faith and requires that the Commissioner actually exercised discretion in considering whether to grant the waiver." The court concluded that to consider the issue that whether the Commissioner abused its discretion in not granting the request for waiver "demands that the taxpayer present his or her case first to the Commissioner before subjecting the denial of the waiver for judicial review for abuse of discretion."

In sum, based on the foregoing, this Court is satisfied that the Debtors have failed to establish with the requisite degree of proof that they had substantial authority to support the position they have taken, that they were entitled to assert a claim to a DISC treatment in the year ending 1983 based on substantial authority and that they made adequate disclosure, therefore, putting the Commissioner on notice of the potential controversy. Lastly, the Court is also satisfied that the

contention that the Commissioner abused its discretion by not waiving the penalty is also without merit for the reasons stated above.

 As noted earlier, the matter presented for this Court's consideration is the Motion for Partial summary Judgment filed by the Debtors, and there was no cross-motion for Summary Judgment filed by the Government. It is without question that there are no genuine issues of material facts which would require a trial. This brings up the question whether or not it is appropriate for the Court to grant a motion in favor of a non-moving party, the Government, on the Court's own motion. The Courts of Appeals are not in agreement whether the 10 day notice requirement of F.R.Civ. P. 56(c) as adopted by F.R.B.P. 7056(c) applies when the Court grants a Summary Judgment *sua sponte.* In the case of *Orix Credit Alliance, Inc. v. Horten,* 965 F.Supp. 481, 484 (S.D.N.Y. 1997), the court held that the moving party was not entitled to prior notice of court's intention to grant summary judgment in favor of non-moving party. However, in the case of *Massey v. Congress Life Ins. Co.,* 116 F.3d 1414, 1417 (11th Cir.1997), the court held that a party who moves for summary judgment does not waive the right to notice and an opportunity to respond to the court's *sua sponte* action. Based on the foregoing, this Court is constrained to conclude that it is inappropriate to grant a partial summary judgment in favor of the Government. However, since there are no disputed facts this Court will reschedule a pretrial conference in order to give the government an opportunity to file its own motion for partial summary judgment, if so deemed to be advised.

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that the Motion for Partial Summary Judgment (Doc. No. 321) filed by the Debtors be, and the same, is hereby denied. It is further

ORDERED, ADJUDGED AND DE-CREED that the matter shall be scheduled for pretrial conference to be held before the undersigned in Courtroom 9A, Sam M. Gibbons United States Courthouse, 801 N. Florida Avenue, Tampa, Florida 33602 at 11:00 a.m. on July 18, 2006 to determine the proper disposition of this Adversary Proceeding and to consider all pending motions, including a Motion for Summary Judgment by the Government, if one is filed.

DONE AND ORDERED.