[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-15805
Non-Argument Calendar

_____

D.C. Docket No. 1:11-cv-00484-AT

KATRINA SMITH,

Plaintiff-Appellant,

versus

OCWEN FINANCIAL,

Defendant-Appellee,

MERS,

Defendant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(August 30, 2012)

Before TJOFLAT, JORDAN and KRAVITCH, Circuit Judges.

PER CURIAM:

Katrina Smith appeals the dismissal of her complaints for failure to state a claim upon which relief may be granted and the denial of her motion for reconsideration.  Upon review of the record and consideration of the parties' briefs, we affirm.

## I

We review *de novo* a district court's dismissal of a complaint for failure to state a claim under Rule 12(b)(6).  *See Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1056-57 (11th Cir. 2007).  The complaint is viewed in the light most favorable to the plaintiff, and all of the plaintiff's well-pleaded facts are accepted as true.  *Id.* at 1057.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim of relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted) (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  However, a complaint that offers "a formulaic recitation of the elements of a cause of action will not do," and mere conclusory statements in support of a threadbare recital of the elements of a cause of action will not suffice. *See id.* at 678. Legal conclusions can provide a framework for the complaint, but they must be supported by factual allegations. *See id.* at 679.

Federal Rule of Civil Procedure 8 requires that a "pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the

pleader is entitled to relief," and that "[e]ach allegation must be simple, concise, and direct." Fed.R.Civ.P. 8(a)(2), (d)(1). "[T]he statement need only give the defendant fair notice of what the . . . claim is and the ground upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (ellipses in original). When alleging fraud, a plaintiff must state with particularity the circumstances constituting fraud or mistake. *See* Fed.R.Civ.P. 9(b). The particularity rule alerts defendants of the "precise misconduct with which they are charged and protect[s] defendants against spurious charges of immoral and fraudulent behavior." *Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001) (quotations omitted). Under Rule 9(b), a plaintiff must allege: "(1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements misled the [p]laintiffs; and (4) what the defendants gained by the alleged fraud." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1291 (11th Cir. 2010).

Courts construe the pleadings of *pro se* litigants liberally. But this "does not give a court license to serve as *de facto* counsel for a party . . . or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citation omitted), *overruled on other grounds by Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010).

3

## II

Ms. Smith appeals from the district court's denial of her motion for reconsideration of its order granting Ocwen's motion to dismiss her amended complaint. In her brief, Ms. Smith broadly asserts that her amended complaint met the requirements of Rule 8. She says that the district court improperly applied a heightened pleading requirement above what is required by Rule 8, and was more lenient with Ocwen's pleadings than with her pleadings. Ms. Smith also argues that the statutes of limitations relevant to her claims were tolled by the fiduciary relationship between herself and Ocwen and were extended by the Fraud Enforcement and Recovery Act.

## A

We review a denial of a motion for reconsideration for abuse of discretion. *See Richardson v. Johnson*, 598 F.3d 734, 740 (11th Cir. 2010). The only grounds for granting a motion for reconsideration are newly-discovered evidence or manifest errors of law or fact. *See Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007). A motion for reconsideration cannot be used to relitigate old matters, raise arguments, or present evidence that could have been raised prior to the entry of judgment. *See id.* A review of the motion for reconsideration reveals that Ms. Smith stated no permissible grounds for reconsideration. The district court therefore properly denied

4

her motion.

## B

Although the notice of appeal indicates only that Ms. Smith is appealing the district court's denial of her motion for reconsideration, Ms. Smith in her brief challenges the district court's initial dismissal of all of her claims. As a preliminary matter, we may review the district court's dismissal of Smith's complaints based on her appeal of the denial of her motion for reconsideration. *See Kirkland v. Nat'l Mortgage Network, Inc.*, 884 F.2d 1367, 1369-70 (11th Cir. 1989).

Ms. Smith's federal claims under TILA, HOEPA, RESPA, and for TILA recision, and her state claim under GFLA are all barred by the applicable statutes of limitation. All the alleged acts that form the basis for the claims occurred in 2002, and Ms. Smith filed her complaint in 2011, well after the statutes of limitation had run on those claims. *See La Grasta v. First Union Securities, Inc.*, 358 F.3d 840, 845–46 (11th Cir. 2004) (holding that a Rule 12(b)(6) dismissal on statute of limitations grounds is appropriate "if it is apparent from the face of the complaint that the claim is time-barred").

Ms. Smith raises for the first time on appeal an argument that the Fraud Enforcement and Recovery Act, Pub. L. 111-21 (2009), extended the statutes of limitations pertinent to her claims. In civil cases, we generally do not consider

5

arguments raised for the first time on appeal. *See Ledford v. Peeples*, 657 F.3d 1222, 1258 (11th Cir. 2011). Accordingly, we do not review this argument. Furthermore, the statutes of limitations for Ms. Smith's claims were not tolled because Georgia law does not recognize a fiduciary relationship between Ocwen and Ms. Smith. *See Baxter v. Fairfield Fin. Servs., Inc.*, 307 Ga. App. 286, 293, 704 S.E.2d 423, 429 (2010).

For the claims alleging fraudulent conduct–i.e., the claims for fraud, collusion, and negligent misrepresentation–Ms. Smith fails to plead with particularity the actions of Ocwen that form the basis of those claims as required by Rule 9(b). Accordingly, the district court properly dismissed these claims.

With respect to the remaining claims, as the magistrate judge's report and recommendation explains in great detail, Ms. Smith fails to meet the pleading standard required by Rule 8. The allegations in her complaint set forth only a "jumble of (often conflicting) factual assertions as well as general legal arguments that do not add up to coherent or plausible claims for relief." R 1: 22 at 2. Accordingly, the district court correctly concluded that Ms. Smith failed state a claim, even under the liberal rules of construction allowed for *pro se* litigants.

### III

The district court did not err in dismissing Ms. Smith's complaints in any of the

ways that she alleges.  The district court also did not abuse its discretion in denying

the motion for reconsideration because Ms. Smith did not raise proper grounds for

reconsideration.

**AFFIRMED.**