**ADDISON INSURANCE COMPANY,**
Plaintiff,

v.

**4000 ISLAND BOULEVARD CONDOMINIUM ASSOCIATION, INC., et al., Defendants.**

**Case No. 15–21777–CIV–WILLIAMS**

United States District Court,
S.D. Florida.

09/22/2016

Order Clarifying Decision Dec. 23, 2016.

Order Granting Reconsideration in Part March 8, 2017.

Brett Purcell Owens, Fisher & Phillips, LLP, Tampa, FL, Bruce Allen Aebel, Banker Lopez Gassler P.A., Tampa, FL, for Plaintiff.

David Brian Haber, Miami, FL, Alexander Brockmeyer, Mark Andrew Boyle, Boyle & Leonard, P.A., Fort Myers, FL, for Defendant.

## ORDER

KATHLEEN M. WILLIAMS,
UNITED STATES DISTRICT JUDGE

**THIS MATTER** is before the Court on the motion for summary judgment filed by Plaintiff Addison Insurance Company ("Addison") (DE 46). All three Defendants—4000 Island Boulevard Condominium Association, Inc. ("4000 Island"); Poma Construction Corp. ("Poma"); and Windsor Metal Specialties, Inc. ("Windsor")—filed responses in opposition (DE 53, DE 55, DE 58), and Addison filed a reply (DE 60). In its motion, Addison argues that "it has no duty to defend or to indemnify any party for the allegedly defective balcony railings." (DE 46 at 3). Defendants, for their part, argue that material issues of fact remain regarding Addison's obligations and that a determination on Addison's duty to indemnify is premature in light of the status of the underlying dispute, which is pending in the Eleventh Judicial Circuit Court for Miami–Dade County. (*See, e.g.,* DE 53 at 5–8; DE 55 at 2–3, 8–15; DE 58 at 4–7).

## I. LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In evaluating a motion for summary judgment, the Court considers the evidence in the record, "including depositions, documents, electronically stored information, affidavits or declarations, stipulations ..., admissions, interrogatory answers, or other materials ...." Fed. R. Civ. P. 56(c)(1)(A). The Court "must view all the evidence and all factual inferences reasonably drawn from the evidence in the light most favorable to the nonmoving party, and must resolve all reasonable doubts about the facts in favor of the non-movant." *Rioux v. City of Atlanta*, 520 F.3d 1269, 1274 (11th Cir. 2008) (quotation marks and citations omitted). At the summary judgment stage, the Court's task is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

## II. DISCUSSION

As the Parties all note in their briefs, there is a dearth of information regarding nearly all of the critical facts involved in this litigation. Though the parties disagree

as to the reason for this information void,[1] they all state that almost no discovery has been conducted, despite the fact that this case was initiated in May 2015 and the Parties requested and were given extensions to nearly every deadline set by the Court. (See, *e.g.*, DE 9, DE 12, DE 30, DE 36, DE 48, DE 50, DE 51). Addison now seeks to argue that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. This assertion, however, cannot be squared with the record or the controlling case law relating to both the duty to defend and the duty to indemnify,

### a. Duty to Defend

 Under Florida law, an insurer's duty to defend its insured against legal action is quite broad, and "is determined by comparing the allegations contained within the four corners of the underlying complaint with the language of policy." *See Jones v. Florida Ins. Guar. Ass'n Inc.*, 908 So.2d 435, 443 (Fla. 2005); *Philadelphia Indem. Ins. Co. v. Yachtman's Inn Condo Ass'n, Inc.*, 595 F.Supp.2d 1319, 1322 (S.D. Fla. 2009). Put differently, the duty to defend "is determined solely from the allegations in the complaint against the insured, not by the true facts of the cause of action against the insured, the insured's version of the facts or the insured's defenses." *Trailer Bridge, Inc. v. Illinois Nat. Ins. Co.*, 657 F.3d 1135, 1141–42 (11th Cir. 2011); *see also State Farm Fire & Cas. Co. v. Tippett*, 864 So.2d 31, 33 (Fla. Dist. Ct. App. 2003) ("The trial court is restricted to the allegations set forth in the complaint, regardless of what the insured or others say actually happened."); *Baron Oil Co. v. Nationwide Mut. Fire Ins. Co.*, 470 So.2d 810, 814 (Fla. Dist. Ct. App. 1985). In light of this unequivocal rule, Addison's arguments about the veracity of the allegations contained in the complaint fail, as a matter of law, to warrant summary judgment in its favor.

 Addison's arguments about 4000 Island's amendments to the state court complaint and citations to deficiencies in the original state court complaint are similarly unavailing. The case law makes clear that an insurer's duty to defend "is determined from examining the most recent amended pleading, not the original pleading." *Trailer Bridge*, 657 F.3d at 1142; *see also Eastpointe Condo. I Ass'n, Inc. v. Travelers Cas. & Sur. Co. of Am.*, 664 F.Supp.2d 1281, 1286 (S.D. Fla. 2009) ("Ordinarily, the duty to defend is determined by the most recent amended pleading, not the original pleading."), *aff'd*, 379 Fed. Appx. 906 (11th Cir. 2010); *Baron Oil Co.*, 470 So.2d at 815 ("[W]hen an original complaint has been superseded by an amended complaint, the original complaint can no longer furnish a basis for determining the insurer's duty to defend."); *State Farm Fire & Cas. Co. v. Higgins*, 788 So.2d 992, 995–96 (Fla. Dist. Ct. App. 2001) *approved sub nom. Higgins v. State Farm Fire & Cas. Co.*, 894 So.2d 5 (Fla. 2004), 788 So.2d at 995–96 ("When an amended complaint supersedes an earlier one, the allegations of the amended complaint control the duty

---

1. Addison's motion alleges that discovery requests were propounded on Windsor and 4000 Island with no response, and that Poma responded by stating that is had no expert witnesses regarding the damage alleged. (DE 46 at 7). 4000 Island states in its opposition, however, that no such requests were ever received by either 4000 Island or Windsor (DE 55 at 7), and Windsor states in its opposition to Plaintiff's statement of undisputed material facts that it was served with expert discovery requests, but "[g]iven the status of mediation, Windsor and the other defendants were under the impression that no discovery would take place pending resolution of the issues regarding the method and cost of a remediation protocol, and Addison agreed to same." (DE 59 at 2 ¶ 14). Addison's reply denies that it ever agreed to a stay of discovery. (DE 60 at 7 n. 2).

to defend"). Under this framework, 4000 Island's allegations that "the attendant concrete balcony areas including surfaces have been damaged" and that "the defective railing system, including the defective paint finish, have caused and will continue to cause damage to other property including but not limited to the railing post pockets, the balcony concrete slabs and finishes on the balcony concrete slabs" are the controlling allegations for determining Addison's duty to defend. (DE 46 at 6; DE 47-7 (Second Amended State Court Complaint) ¶¶ 14, 18, 23). Accordingly, the Court finds that Addison has failed to demonstrate that, as a matter of law, "it has no duty to defend ... any party for the allegedly defective balcony railings." (DE 46 at 3).[2]

### III. Duty to Indemnify

█ "It is axiomatic that 'an insurer's duty to indemnify is not ripe for adjudication in a declaratory judgment action until the insured is in fact held liable in the underlying suit." *Evanston Ins. Co. v. Gaddis Corp.*, 145 F.Supp.3d 1140, 1153 (S.D. Fla. 2015) (collecting cases); *see also Am. Nat. Fire Ins. Co. v. M/V SEABOARD VICTORY*, No. 08-CIV-21811, 2009 WL 812024, at *1 (S.D. Fla. Mar. 17, 2009) ("It is well-settled ... that because an insurer's duty to indemnify is dependent on the outcome of a case, any declaration as to the duty to indemnify is premature unless there has been a resolution of the underlying claim."). Considerations of "comity, federalism and judicial economy all favor letting the state court action pro-

ceed unaffected by any rulings on indemnity." *S. Coatings, Inc. v. Century Sur. Co.*, No. 07-80558-CIV, 2008 WL 954178, at *5 (S.D. Fla. Apr. 8, 2008). As such, because the underlying litigation is ongoing and no liability has been established, the Court finds that a determination of Addison's duty to indemnify is premature at this juncture.

### IV. CONCLUSION

In light of the foregoing and upon a review of the motion and the record, it is **ORDERED AND ADJUDGED** that Addison's motion for summary judgment (DE 46) is **DENIED**.

**DONE AND ORDERED** in chambers in Miami, Florida, this 21 September, 2016.

### *ORDER ON MOTION TO CLARIFY*

**THIS MATTER** is before the Court on Defendant Windsor Metal Specialties, Inc.'s motion for clarification (DE 89), which relates to the Court's prior order (DE 76) denying Plaintiff Addison Insurance Company's motion for summary judgment. Addison filed a response in opposition to the motion for clarification (DE 92), and Windsor filed a reply (DE 98). On November 1, 2016, the Court held a hearing to address the outstanding pretrial motions, including Windsor's motion for clarification. Specifically, the Court shared its concern about proceeding to trial in light of its inability to identify the outstanding issues of fact that would be material to Addison's duty to defend Windsor, and

---

**2.** The briefing on Addison's motion for summary judgment also makes clear that there are a number of material disputes between the Parties regarding the relationship between the allegations in the complaint and the insurance policy at issue. The Parties do not agree, for example, on the scope and nature of the damage, what caused the damage, whether the damage is covered by the terms of Addi-

son's insurance policy, and whether Poma is an additional insured under that policy. Though these factual disputes go primarily to Addison's duty to indemnify, the Court notes that some of them—such as Poma's coverage under the policy and potential exclusions for the damage alleged—could also implicate Addison's duty to defend.

gave both Parties an opportunity to be heard.

## I. BACKGROUND

This case is a declaratory judgment action arising out of Windsor's provision of allegedly defective aluminum balcony railings, which were installed on the premises of 4000 Island Boulevard Condominium Association, Inc. by Poma Construction Corporation. (DE 24 ¶ 9). All three entities were initially named as defendants in this case. On August 24, 2015, the Court entered a scheduling order, setting the dispositive motions deadline for June 20, 2016. (DE 21). Addison was the only party to timely move for summary judgment.[1]

In its summary judgment motion (DE 46), Addison sought a finding by the Court that "it ha[d] no duty to defend or to indemnify any party for the allegedly defective balcony railings" that are at the center of this dispute. (DE 46 at 3). Each of the three Defendants filed a separate response in opposition (DE 53, DE 55, DE 58). On September 21, 2016, the Court issued an order denying summary judgment based on its finding that (1) a determination on the duty to indemnify was premature in light of the ongoing state court case and (2) Addison had failed to demonstrate that, as a matter of law, it had no duty to defend. (DE 76 at 4, 5). The Court also noted in a footnote that there were a number of genuine issues of material fact outstanding, stating that "[although these factual disputes go primarily to Addison's duty to indemnify, the Court notes that some of them—such as Poma's coverage under the policy and potential exclusions for the damage alleged—could also implicate Addison's duty to defend." (DE 76 at 4–5).

## II. WINDSOR'S MOTION FOR CLARIFICATION

In the weeks following the Court's order denying summary judgment for Addison, all defendants except for Windsor were dismissed. (DE 88, DE 96). In light of this development, Windsor now asks the Court for "clarification as to what genuine issues of material fact, if any, exist as to Addison's duty to defend Windsor in the [underlying] State Court Action."

As noted above, because none of the three defendants, including Windsor, filed a timely cross-motion for summary judgment, the only issue before the Court at the summary judgment stage was whether Addison had established that no genuine issue of material fact existed with regard to its duty to defend or to indemnify any of the Parties to the case at the time. In its order, the Court noted that there were outstanding questions of fact that directly implicated the duty to defend, specifically citing the Parties' dispute regarding whether Poma qualified as an additional insured under the insurance policy issued by Addison to Windsor. (DE 76 at 3–5, n.2). Again, because only Addison had timely moved for summary judgment, the Court's determination that a genuine issue of material fact remained with regard to Addison's duty to defend any of the Parties, was sufficient grounds to deny summary judgment. In light of Windsor's motion and the dismissal of Windsor's co-defendants, however, the Court clarifies that the genuine issues of material fact with regard to Addison's duty to defend that were cited in its initial order on summary judgment related to Poma and not to Windsor.

---

1. Windsor did ultimately file a motion for leave to file for partial summary judgment on the duty to defend on September 13, 2016 (DE 74)—three months after the dispositive motion deadline and four weeks before trial was set to begin—which was denied (DE 75).

### III. SUMMARY JUDGMENT ON ADDISON'S DUTY TO DEFEND

#### a. Legal Standard

 In light of the above clarification of the Court's September 21, 2016 order, the Court must now consider whether summary judgment is appropriate with regard to Addison's duty to defend Windsor. Though summary judgment is most often granted on the motion of one or both of the Parties, it is widely acknowledged that District Courts possess the power to enter summary judgment *sua sponte* upon notice to the parties when the Court determines, based on all of the evidence in the record, that no genuine issue of material fact exists. See, *e.g.*, *Celotex Corp. v. Catrett*, 477 U.S. 317, 326, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) ("Our conclusion is bolstered by the fact that district courts are widely acknowledged to possess the power to enter summary judgments *sua sponte*, so long as the losing party was on notice that she had to come forward with all of her evidence."); *Massey v. Cong. Life Ins. Co.*, 116 F.3d 1414, 1417 (11th Cir. 1997) ("District courts unquestionably possess the power to trigger summary judgment on their own initiative."). Additionally, this power is now expressly contemplated in Federal Rule of Civil Procedure 56(f), which states that, after giving "notice and a reasonable time to respond, the court may: '. . . consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute." Fed. R. Civ. P. 59(f); *see also* 10A Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure § 2720.1: Summary Judgment Without a Motion (4th ed. 2016). The standard for a *sua sponte* grant of summary judgment is the same as the standard for a grant of summary judgment on a motion by the parties: the Court must determine whether there are any outstanding issues of material fact that create a "genuine issue

for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); see *also* Fed. R. Civ. P. 56(a).

#### b. Discussion

In light of the Court's prior order—and the fact that Windsor's motion addresses only the duty to defend—the Court will not revisit its discussion on the duty to indemnify which, for the reasons stated in its previous order, remains premature for adjudication. (DE 76 at 5). This Order addresses only the arguments raised by the Parties with regard to the genuine issues of material fact that relate to Addison's duty to defend Windsor in the underlying state court case.

##### i. Summary Judgment Determination

As set out in the Court's initial summary judgment order, it is well established that, "[u]nder Florida law, an insurer's duty to defend its insured against legal action is quite broad, and 'is determined by comparing the allegations contained within the four corners of the underlying complaint with the language of policy.' See *Jones v. Florida Ins. Guar. Ass'n Inc.*, 908 So.2d 435, 443 (Fla. 2005); *Philadelphia Indem. Ins. Co. v. Yachtman's Inn Condo Ass'n, Inc.*, 595 F.Supp.2d 1319, 1322 (S.D. Fla. 2009)." (DE 76 at 3). This rule, known as the "eight corners rule," is at the center of the dispute between Windsor and Addison with regard to the duty to defend. Windsor, in its motion for clarification (DE 89, DE 98) and its response to Addison's motion for summary judgment (DE 58), argues that the language of the complaint and the language of the insurance policy are unambiguous, and, therefore, that under the eight corners rule, Addison's duty to defend is unequivocal. Addison, however, argues in both its motion for summary judgment (DE 46) and its opposition to Windsor's motion for clarification (DE 92)

that application of the eight corners rule is not appropriate in this case. Instead, Addison contends that the Court should look beyond the amended state court complaint and allow a jury to determine whether the facts of the underlying case properly fall within the ambit of Addison's insurance policy. Both Parties reiterated these positions at the November 1, 2016 hearing.

As a preliminary matter, the Court notes that Addison's arguments appear to conflate the duty to indemnify and the duty to defend and to misapprehend the nature of the dispute that is before the Court at this juncture. As stated in the Court's prior order, no determination will be made on Addison's duty to indemnify Windsor until the conclusion of the underlying state court case. The trial, if one were held, would therefore relate only to the issue on summary judgment here: Addison's duty to defend Windsor, the only remaining defendant in this case. As such, Addison's statement that "[Windsor] seeks a determination of coverage based solely on the manufactured and baseless allegations of the underlying complaint," fails to appreciate that no determination of coverage is being made in either a grant of summary judgment or a jury trial on the duty to defend. (DE 92 at 2).

With regard to the applicability of the eight corners rule, the Court incorporates by reference all of the findings from its previous order on summary judgment regarding the insufficiency of Addison's arguments on (1) the lack of evidentiary support for the facts alleged in the state court complaint and (2) the comparative language of the initial and amended state court complaints. (See DE 76 at 3–4). These challenges are renewed in the most recent round of briefing, though the procedural posture of the arguments is different. Addison is now arguing not that these challenges to the complaint bring it outside of the ambit of coverage under the policy,

but rather that they create material issues of fact that must be decided by a jury. The September 21, 2016 order recognized that the courts have repeatedly found that neither of these challenges defeats an insurer's broad duty to defend or permits the Court to go outside of the eight corners rule. See Trailer Bridge, Inc. v. Illinois Nat. Ins. Co., 657 F.3d 1135, 1141–42 (11th Cir. 2011); State Farm Fire & Cas. Co. v. Tippett, 864 So.2d 31, 33 (Fla. Dist. Ct. App. 2003); Baron Oil Co. v. Nationwide Mut. Fire Ins. Co., 470 So.2d 810, 815 (Fla. Dist. Ct. App. 1985).

In addition to the reformulated arguments above, Addison cites to the Florida Supreme Court's decision in Higgins v. State Farm Fire & Cas. Co., 894 So.2d 5 (Fla. 2004), for the proposition that it is entitled to a trial in order to "test the sufficiency of the underlying allegations" in the state court complaint. (DE 92 at 2). The Court does not agree with this reading of Higgins. In Higgins, the question certified to the Supreme Court of Florida was whether a declaratory judgment can be issued "even if doing so would require the court to "determine the existence or nonexistence of a fact." Higgins, 894 So.2d at 8–9 (Fla. 2004). Put another way, the issue is whether factual ambiguity precludes a court from issuing a declaratory judgment on the duty to defend or the duty to indemnify. In fact, the court in Higgins quite explicitly held that its decision did not alter the state of the law on an insurer's broad duty to defend:

> In respect to an insurer's obligation to defend, we first point out, as does the district court opinion below, that an insurer's obligation to defend is determined solely by the claimant's complaint if suit has been filed. See Higgins, 788 So.2d at 995–96. This decision should in no way be read as a rejection of the principle set forth in National Union Fire Insurance Co. v. Lenox Liquors,

*Inc.*, 358 So.2d 533, 536 (Fla. 1977), that "[t]he allegations of the · [underlying] complaint govern the duty of the insurer ·to defend." We approve the explanation of this obligation to defend as clearly explained by Judge Zehmer in *Baron Oil Co. v. Nationwide Mutual Insurance Co.*, 470 So.2d 810 (Fla. 1st DCA 1985). Therefore, when suit is filed against an insured, there generally is no need for a declaratory action in respect to the insurer's obligation to defend.

*Id.* at 9–10. The Court finds this language to be unambiguous in affirming that *Higgins* was in no way intended to limit the viability of the eight corners rule. This reading of the case is further supported by the fact that, in *Higgins*, the Florida Supreme Court approved the lower court's determinations on the duty to defend—which were based on a finding that "the allegations contained within the four corners of [the harmed party's] second amended complaint clearly placed the cause of action against [the insured] within the duty-to-defend coverage of the policy"—and applied its reasoning regarding findings of fact only to the duty to indemnify. *Id.* at 8, 18.

In addition to *Higgins*, Addison cites a number of other cases where courts have recognized exceptions to the eight corners rule in determining an insurer's duty to defend based on the absence of facts that are not pleaded "but are nevertheless vital to a coverage determination." (DE 92 at 3). Addison argues that, "[i]n this case, the Second Amended Complaint did not include the vital fact that no expert had opined—or had even been hired to opine— that WINDSOR'S paint had damaged other property," and urges the Court to "look beyond the eight corners to learn the truth." (DE 92 at 3). Again, Addison ap-

pears to fundamentally misapprehend the cases on which it relies.

The exception cited by Addison is intended for case where, as in *Composite Structures, Inc. v. Cont'l Ins. Co.*, 560 Fed. Appx. 861, 863 (11th Cir. 2014), the complaint is silent on a central issue that is necessary to determine whether coverage would apply, such as the date on which written notice was provided to the insurer of the occurrence for which coverage is claimed. Similarly, in *Penn–America Ins. Co. v. Partner's Supermarket, Inc.*, Case Number 06–civ–22498–CMA (S.D. Fla),[2] the question of whether the injured party was an employee or an independent contractor went to a jury because the underlying complaint used both terms to refer to the injured party, and employees were exempt from coverage under the policy. In addition, the Court notes that the factual determinations made by the jury in *Penn–America* related only to the duty to indemnify and not the duty to defend, which had been resolved by a grant of summary judgment. (*See* DE 54, Case No. 06–civ– 22498–CMA).

By contrast, the underlying complaint in the present case clearly alleges facts that would bring the occurrence within the ambit of coverage under Addison's policy; Addison is merely alleging that the complaint lacks adequate allegations regarding the basis for those facts. If the Court were to adopt Addison's expansive reading of the narrow "unpleaded fact" exception to the eight corners rule, it would create a back door for challenging the veracity of the allegations in the complaint which, as explained in the Court's previous order, is impermissible. *See State Farm Fire & Cas. Co. v. Steinberg*, 393 F.3d 1226, 1230 (11th Cir. 2004) ("Under Florida law, the

---

**2.** This case was raised by Counsel for Addison at the hearing on November 1, 2016, as anal-

ogous to the present case.

general rule is that an insurance company's duty to defend an insured is determined solely from the allegations in the complaint against the insured ... If the allegations in the complaint state facts that bring the injury within the policy's coverage, the insurer must defend regardless of the merits of the lawsuit."). The Court therefore finds that Addison has failed to articulate an exception to the eight corners rule that would be applicable to this case, and must make a determination on Addison's duty to defend under the default rule.

■ Under Florida law, a determination on the duty to defend is a purely legal question which, at this juncture, must be resolved at summary judgment because there is no factual question remaining for adjudication by a jury. *United States Liab. Ins. Co. v. Kelley Ventures, LLC*, 137 F.Supp.3d 1312, 1316 (S.D. Fla. 2015) ("Under Florida law, the duty to defend is an issue of law that turns upon the interpretation of the insurance policy and review of the underlying complaint. Because the existence of a duty to defend is a legal question, it is amenable to resolution on a motion for summary judgment."). Upon review of the amended complaint and the insurance policy, the Court finds that 4000 Island's allegation that "the attendant concrete balcony areas including surfaces have been damaged" and that "the defective railing system, including the defective paint finish, have caused and will continue to cause damage to other property" clearly brings the underlying facts within the ambit of coverage under the insurance policy issued to Windsor by Addison and therefore triggers the broad duty to defend. (DE 47–7 (Second Amended State Court Complaint) ¶¶ 14, 18, 23).

### ii. Sufficiency of Notice

■ Both the caselaw and the Federal Rules make clear that sufficient notice is a critical component of the Court's decision to grant summary judgment *sua sponte*, in order to "ensure that the parties receive adequate notice that they must bring forward all of their evidence." *Massey*, 116 F.3d at 1417. Though, generally, district courts are required to give formal notice of their intent to issue a *sua sponte* decision on summary judgment, the courts have made clear that "where a legal issue has been fully developed, and the evidentiary record is complete, summary judgment is entirely appropriate even if no formal notice has been provided." *Artistic Entm't, Inc. v. City of Warner Robins*, 331 F.3d 1196, 1202 (11th Cir. 2003); *see also Burton v. City of Belle Glade*, 178 F.3d 1175, 1203–1204 (11th Cir. 1999).

■ The Court finds that, in this case, adequate notice was given to Addison in the form of Windsor's motion for clarification, and that Addison was given a sufficient opportunity to respond both in its opposition brief and at the November 1, 2016 hearing. As in *Artistic Entertainment, Inc.*, the issue on which the Court is granting summary judgment—*i.e.* whether Addison has a duty to defend Windsor in the underlying state court case—was the subject of multiple briefs and oral argument. It was one of two issues raised by Addison in its fully briefed motion for summary judgment (DE 46), and was also the sole basis for Windsor's motion for clarification. In fact, Windsor's motion for clarification not only raised this issue, but framed it within the summary judgment standard, asking for clarification on "what genuine issues of material fact, if any, exist as to Addison's duty to defend Windsor in the [underlying] State Court Action," and requesting "that this Court enter Judgment in favor of Windsor." (DE 89 at 4). Addison objected to Windsor's motion, stating that it was functionally equivalent to an untimely motion for summary judg-

ment, but went on to respond to the substantive arguments regarding the absence or presence of genuine issues of material fact as well as the proper legal standard for determining its duty to defend. (DE 92).

The Parties were given yet another opportunity to be heard on these issues at the November 1, 2016 hearing, during which the Court shared its concerns regarding the absence of material facts to submit to a jury and gave the Parties an opportunity to respond. Addison proceeded to reiterate its arguments about the inapplicability of the "eight corners rule," complete with case citations, and raised the factual issues that it believed to be outstanding with regard to its duty to defend. Windsor responded, and argued that there were no questions of fact remaining because this case falls squarely within the purview of the "eight corners rule." After argument had concluded, the Court cancelled the trial that was set to start the following Monday and informed the Parties that an order would be forthcoming.

In light of this well-developed record on the issue of the duty to defend—as well as the fact that the duty to defend is a purely legal question under Florida law—the Court finds that this matter falls within the exception articulated by *Burton* and its progeny, where *sua sponte* summary judgment is appropriate on a fully-briefed legal issue and a complete evidentiary record. *See, e.g., Artistic Entm't, Inc.*, 331 F.3d at 1201–1202; *Burton*, 178 F.3d at 1203–1204. Indeed, if this case were to proceed to trial, the Court would be unable to articulate what issues could be properly placed before a jury in light of the Court's determination that a finding on the duty to indemnify would be premature at this juncture.

## IV. SANCTIONS

Although the Court has granted summary judgment in Windsor's favor, the Court acknowledges that this result could have been expeditiously achieved well before the eve of trial if Windsor had timely filed a motion for summary judgment by the dispositive motion deadline. Because Windsor failed to do so, Addison was forced to engage in time-consuming preparation for a trial on its duty to defend Windsor and to respond to a motion for clarification which, as Addison correctly points out, was functionally equivalent to an untimely motion for summary judgment. As such, the Court finds that Windsor's failure to exercise reasonable care "multiplie[d] the proceedings ... unreasonably and vexatiously," and was tantamount to bad faith under an objective standard, entitling Addison to recover the attorney's fees expended as a result of Windsor's inaction. 28 U.S.C. § 1927; *Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1239 (11th Cir. 2007) ("[I]t is clear from the statutory language and the case law that for purposes of § 1927, bad faith turns not on the attorney's subjective intent, but on the attorney's objective conduct.). The Court will hold a hearing on **January 10, 2017** at **3:00 p.m.** to determine the proper amount of costs to be reimbursed as a result of Windsor's non-compliance with Court deadlines.

## V. CONCLUSION

In light of the foregoing and upon a review of the motion and the record, it is **ORDERED AND ADJUDGED** as follows:

1. Windsor's motion for clarification of the Court's order on summary judgment (DE 89) is **GRANTED** insofar as the Court clarifies that the genuine issues of material fact regarding Addison's duty to defend that were referenced in its previous order related to the now-dismissed defendant, Poma Construction Corporation.

2. In light of this clarification, and for the reasons stated in this Order, the Court finds that no genuine issues of material fact exist with regard to Addison's duty to defend Windsor in the underlying state court case and therefore **GRANTS SUMMARY JUDGMENT** in favor of Windsor pursuant to Federal Rule of Civil Procedure 56 (f). This finding does not alter the Court's prior holding that a determination about Addison's duty to indemnify is premature at this juncture. (*See* DE 76).

3. The Court finds that the briefing and the hearing on Windsor's motion for clarification constituted adequate notice and reasonable opportunity to respond to the issue on which the Court's *sua sponte* grant of summary judgment is based.

4. The remaining pretrial motions (DE 93, DE 95) are **DENIED AS MOOT.**

5. The Court will hold a hearing on **January 10, 2017 at 3:00 p.m.** to determine the amount of attorney's fees due to Addison.

6. This case is **STAYED** pending resolution of the underlying state court action. Within **five days** of the resolution of the state court case, the Parties must file a notice to the docket informing the Court of the outcome of the litigation and must file a motion to either reopen or dismiss this case.

7. The Clerk is directed to **ADMINISTRATIVELY CLOSE** this case pending resolution of the underlying state court action.

---

1. The Court's December 22, 2016 order related only to the duty to defend, and did not address the duty to indemnify. (*See* DE 102 at 4 ("In light of the Court's prior order—and the fact that Windsor's motion addresses only the duty to defend—the Court will not revisit

**DONE AND ORDERED** in chambers in Miami, Florida, this 22nd day of December, 2016.

## *ORDER ON RECONSIDERATION*

**THIS MATTER** is before the Court on the Motion for Reconsideration filed by Plaintiff Addison Insurance Company ("Addison") (DE 105), relating to the Court's December 22, 2016 order granting summary judgment in favor of Defendant Windsor Metal Specialties, Inc. ("Windsor") (DE 102). In the alternative, Addison requests that the Court certify its December 22, 2016 order as final. (DE 105 at 3–4).

 With regard to Plaintiff's motion for reconsideration, the Court finds that Addison has failed to set out appropriate grounds for obtaining such relief. "The only grounds for granting a motion for reconsideration are newly-discovered evidence or manifest errors of law or fact." *Smith v. Ocwen Financial,* 488 Fed.Appx. 426, 428 (11th Cir. 2012). The motion "cannot be used to re-litigate old matters, raise arguments, or present evidence that could have been raised prior to the entry of judgment." *Id.* Here, Addison's motion for reconsideration of the Court's December 22, 2016 order (DE 102) reiterates the same objections to the Court's interpretation of *Higgins v. State Farm Fire & Cas. Co.,* 894 So.2d 5 (Fla. 2004) that were raised in its briefs on summary judgment and at oral argument and were rejected in the Court's summary judgment order. Additionally, Addison appears to raise new arguments with regard to *Higgins* in relation to the duty to indemnify, which was not at issue in the Court's December 22, 2016 order.[1] As such, because Addison's

---

its discussion on the duty to indemnify which, for the reasons stated in its previous order, remains premature for adjudication. (DE 76 at 5). This Order addresses only the arguments raised by the Parties with regard to the

motion for reconsideration does not identify any newly-discovered evidence or manifest errors of law or fact, the Court finds no valid basis for revisiting its December 22, 2016 order. In light of this holding, however, the Court will certify as final its determination that Addison has a duty to defend Windsor in the underlying state court action.

Accordingly, upon review of the motion and the record, it is **ORDERED AND ADJUDGED** as follows:

1. Addison's motion (DE 105) is **GRANTED IN PART AND DENIED IN PART.**

2. Insofar as the motion seeks reconsideration of the Court's December 22, 2016 order, that relief is **DENIED.**

3. Insofar as the motion seeks to certify the Court's December 22, 2016 order as a final judgment on Addison's duty to defend Windsor, that relief is **GRANTED.**

4. Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Court's December 22, 2016 order on Defendant's motion for clarification (DE 102) is hereby **CERTIFIED AND ENTERED AS A PARTIAL FINAL JUDGMENT** in favor of Windsor on Addison's duty to defend. The order (DE 102) is a final judgment and there is no just reason for delay in certifying the order as immediately appealable.

**DONE and ORDERED** in Chambers in Miami, Florida this 7th day of March, 2017.

genuine issues of material fact that relate to Addison's duty to defend Windsor in the underlying state court case.")). Addison's request for a certification of the judgment as final similarly acknowledges that it is challenging the Court's finding on the duty to defend, stating that "this Court's determination in its Order appears to be a final determination on the duty to defend, a separate and distinct claim from that addressing the duty to indemnify in this declaratory judgment action." (DE 105 at 4).